STABILE v GENERAL ENTERPRISES

1. LIMITATION OF ACTIONS—ENFORCEMENT OF MONEY JUDGMENTS—
   CONSENT DECREE—RIGHTS IN REAL PROPERTY—STATUTES.

   A statute which provides a 10-year limitation period for the
   enforcement of money judgments and decrees cannot be used to
   bar an action seeking to enforce an earlier consent decree
   which expressly operated as a grant of rights in real property
   (MCLA 600.5801[4], 600.5809; MSA 27A.5801[4], 27A.5809).

2. LIMITATION OF ACTIONS—RIGHTS IN REAL PROPERTY—STATUTES.

   A consent decree which settled rights in land and contains a
   specific clause for recording with the county register of deeds
   carries a 15-year limitation period for enforcement of the
   decree since it is the property rights which are to be enforced,
   not the underlying decree (MCLA 600.5801[4]; MSA
   27A.5801[4]).

3. EQUITY—LACHES—CONSENT DECREE—NONCOMPLIANCE.

   The equitable defense of laches is not the exclusive remedy in
   spite of a plaintiff's lengthy delay in filing a petition to enforce
   compliance with a consent decree where the defendants' actions
   were as much to blame for the delay and where the defendants
   attempted by their half-hearted efforts at compliance with the
   decree to assuage the plaintiffs' continued complaints that
   nothing was being done by the defendants.

Appeal from Macomb, Hunter D. Stair, J. Sub-
mitted June 9, 1976, at Detroit. (Docket No.
25251.) Decided August 24, 1976. Leave to appeal
applied for.

Petition by Philip Stabile and Catherine Stabile
for an order to show cause why a prior consent
decree should not be enforced against General

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 949–951.
[2] 51 Am Jur 2d, Limitation of Actions §§ 84–88.
[3] 27 Am Jur 2d, Equity §§ 152, 164, 169.

Enterprises, Russell E. Bauer, Alice G. Bauer, Lucille B. Bauer, and Clement A. Pennell, doing business as Bauer Pennell Enterprises and Clinton Township. Petition dismissed. Plaintiffs appeal. Reversed and remanded.

*Donnelly W. Hadden,* for plaintiff.

*Dank, Kaser & Smith,* for defendants General Enterprises, and Russell E. Bauer, Alice G. Bauer, Lucille B. Bauer, and Clement A. Pennell, d/b/a Bauer Pennell Enterprises.

*Johnston & Wendt* and *Towner, Rosin, York & McNamara,* for defendant Clinton Township.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. We are called on here to determine whether the 10-year statute of limitations set forth in MCLA 600.5809; MSA 27A.5809 is applicable on the facts of this case. The statute as it stood at the time the action was brought read:

"Sec 5809. No person may bring or maintain any action to enforce non-contractual money obligations unless after the claim first accrued to himself or to someone through whom he claims he commences the action within the periods of time prescribed by this section.
"(1) The period of limitations is 2 years for actions for the recovery of any penalty or forfeiture based on any penal statute brought in the name of the people of this state.
"(2) The period of limitations is 10 years for actions founded upon judgments or decrees rendered in any

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court of record of the United States, or of this state, or of any other state of the United States, from the time of the rendition of the judgment. Within this period an action may be brought upon the judgment for a new judgment, which, in its turn, will be subject to the provision of this section."[1]

The plaintiffs brought suit on April 11, 1957, seeking to enjoin the defendants, General Enterprises and defendants Bauer and Pennell from continuing to obstruct and divert the normal flow of the Clinton River. The defendants Bauer and Pennell were assignees of the interests of General Enterprises.

On September 10, 1959, a consent decree was filed in the Macomb Circuit Court. The decree provided in part:

"WHEREAS, The defendants were engaged in erecting and are noe (sic) operating a sewage disposal plant on their property, and did construct on their lands to the north of said sewage disposal plant a canal or channel causing most waters of the Clinton River to pass through said canal rather than through the old Clinton River bed separating the plaintiffs' and defendants' land, and further that the defendants caused to be

---

[1] The 1974 Amendment to the statute makes no substantial change, and reads as follows:

"Sec. 5809. (1) A person may not bring or maintain any action to enforce noncontractual money obligations unless after the claim first accrued to himself or to someone through whom he claims he commences the action within the periods of time prescribed by this section.

"(2) The period of limitations is 2 years for actions for the recovery of any penalty or forfeiture based on any penal statute brought in the name of the people of this state.

"(3) The period of limitations is 10 years for actions founded upon judgments or decree rendered in any court of this state, or in any court of record of the United States, or of any other state of the United States, from the time of the rendition of the judgment. Within this period an action may be brought upon the judgment for a new judgment, which, in its turn, will be subject to the provision of this section."

erected a roadway and did lay certain sewage conduits across the Clinton River bed downstream from the plaintiffs' property * * * ;

"NOW, THEREFORE, IN CONSIDERATION of the premises in the sum of ONE ($1.00) DOLLAR and other valuable consideration paid by the defendants to the plaintiffs, which are as follows:

"1. That upon entrance of this Decree, the defendants will pay the sum of SIX THOUSAND FIVE HUNDRED ($6500.00) DOLLARS to the plaintiffs.

"2. That within Six (6) months from the date of the entrance of this Decree, the defendants shall cause to be erected a barrier of spillway separating the new canal or dredge dug by the defendants and the old canal separating the plaintiffs' and defendants' land. Said barrier or spillway is to be erected in such a fashion as to cause no less than approximately sixty-six and two-thirds per cent (66 2/3%) of the waters of the Clinton River, at its lowest seasonal level, to be diverted into the original Clinton River bed separating the plaintiffs' and defendants' lands. Further, the defendants for themselves, their heirs, administrators, executors and assigns, do hereby agree and promise to the plaintiffs and their heirs, administrators, executors and assigns, to maintain said barrier in order that the full water will be divided as hereinabove mentioned and leave a necessary opening between the original Clinton River bed and the new canal in order that the plaintiffs, their heirs, administrators, executors and assigns will have navigation to said canal towards Lake St. Clair.

"3. That the defendants for themselves, their heirs, administrators, executors and assigns, do hereby agree and promise to keep the conduits under the roadway they erected downstream from the plaintiffs' property, east of their sewage disposal plant, free and clear of debris and foreign matter in order that the flow of water through the original bed separating plaintiffs' and defendant's land will be able to flow unhampered and in a normal manner.

"4. Further, that the defendants will dig one deep well on plaintiffs' property within six months from the date of this decree, having a minimum casing of four (4)

inches, and the well shall be dug to a minimum depth of one hundred thirty feet (130) unless usable water is obtained prior thereto. The plaintiffs shall provide their own pump and pipe to connect the pump. Should a depth of one hundred thirty (130) feet be reached without reaching usuable water, the defendants will be discharged from any further liability under this section.

"5. That shall the defendants, their heirs, administrators, executors and assigns, fail to continue to perform the provisions providing for the continual maintenance of said barrier hereinbefore mentioned, and to keep the conduits under the roadway free and clear from debris and foreign matter hereinbefore mentioned, that the plaintiffs may petition this Court and upon proof of the defendants', their heirs, administrators, executors and assigns, failure to so perform said duties, the plaintiffs will be entitled to a mandatory injunction for relief against the defendants, their heirs, administrators, executors and assigns.

"6. A true copy of this Decree may be registered in the Office of the Register of Deeds, Macomb County, Michigan."

The money was paid to the plaintiffs and the defendants completed the well drilling project soon after the decree was entered. Defendant Clinton Township acquired the interests of the other defendants by purchase of the property in question in February, 1966. The waters of the Clinton River have not been restored to the plaintiffs as required in paragraph 2 of the decree.

On August 4, 1960, plaintiffs sought a mandatory injunction requiring compliance with the decree. The lower court record does not indicate to us whether there was a hearing held in this matter. No further action occurred in this case until November 12, 1970. On that date, plaintiffs petitioned for an order to show cause why the prior decree should not be enforced, requiring restoration of two-thirds of the flow of the Clinton River

to the plaintiffs and for damages to compensate the plaintiffs and for punitive damages. On January 18, 1973, the Macomb County Circuit Court ordered the defendants to comply with the decree of September 10, 1959. Plaintiffs again entered a default against the defendants General Enterprises and Bauer, but this was set aside on May 23, 1975. The defendants filed a motion to dismiss the petition and for an order to show cause. A dismissal was granted by the trial court on July 28, 1975. The plaintiffs appeal from this dismissal.

The trial judge held in a written opinion that the plaintiffs' action was barred by the 10-year statute of limitations in RJA § 5809; MCLA 600.5809; MCA 27A.5809. We disagree.

The plain language of the statute applicable here is:

"No person may bring or maintain any action to enforce noncontractual money obligations."

The wording of subsection 2, read in conjunction with the limiting words above, indicates a legislative intention to restrict the 10-year statute of limitations to the enforcement of money judgments and decrees.

We find the 15-year statute of limitations embodied in RJA § 5801(4); MCLA 600.5801(4); MSA 27A.5801(4), applicable in the instant case. The decree of September 10, 1959, settled rights in land. The parties by their express words intended it to operate as a grant of rights. Paragraph 6 of the judgment specifically provides that the decree instrument is recordable in the Macomb County Register of Deeds office. The property rights created by the decree, filed with the Register of

Deeds, are what is sought to be enforced, not the underlying decree.

Were we to hold that the 10-year statute of limitations of RJA § 5809; MCLA 600.5809; MSA 27A.5809, applied, we would face the anomaly of the defendants gaining prescriptive rights in 10 years. We find no legislative intention that this occur. Indeed, we look no further than the Committee notes and comment concerning RJA § 5801; MCLA 600.5801; MSA 27A.5801 as our guide.

"A general statute of limitations as it applies to personal actions is procedural only and not substantive. It only limits the availability of the remedy and does not destroy the underlying right. * * * This theory is applicable in part to a general statute of limitations as it applies to real actions but it is upset to a certain decree by the recognition that the running of the statute limitations on real actions causing a theory of adverse possession to come into operation resulting in the extinguishment of the prior owner's rights in the property and the development of title in the adverse possessor. * * *

"Some legal scholars advocate the separation of statutes of limitations from adverse possession and indicate that adverse possession could be handled better in the property sections of the statutes. We believe this could better be handled as a result of a restudy of Michigan property law. It should not be undertaken here."

The defendants raise the equitable defense of laches and the authority of the court to act, pointing to the fact that the plaintiffs did hesitate to enforce the rights granted in the decree and setting forth provisions of the water resources commission act, MCLA 323.1 *et seq.;* MSA 3.521 *et seq.,* as providing an exclusive remedy.

In spite of lengthy delay, we find no laches on the plaintiffs' part. The acts of the defendants

were as much to blame for the delay. Further, it is apparent by depositions taken in this case, that in the intervening years, the defendants attempted by their half-hearted efforts at compliance to assuage the plaintiffs' continued complaints that nothing was being done. The defendants cannot use equity's shield as a sword to cut off the plaintiffs' rights in land created by the 1959 decree.

Reversed and remanded. Costs to plaintiffs.