VILLAGE OF DIMONDALE v GRABLE

Docket No. 213277. Submitted November 9, 1999, at Lansing. Decided
April 21, 2000, at 9:05 A.M. Leave to appeal sought.

Richard E. Albert brought an action in the Eaton Circuit Court against
Leslie A. Grable, seeking to quiet title to real property located at
120 North Bridge Street in the village of Dimondale. The property
in question had been assessed and seized by the Internal Revenue
Service (IRS) after the defendant had failed to pay his federal
income taxes for several years, and the property was eventually
sold by the IRS to James T. Holberg, who obtained a tax deed to the
property. Holberg thereafter sold the property to Albert, who com-
menced the action to quiet title, alleging that the tax sale extin-
guished the defendant's interest in the property. The defendant
answered the complaint, asserted the affirmative defense that the
tax sale to Holberg was invalid from its inception because the IRS
had failed to comply with the notice requirements of 26 USC
6335(a) with respect to the seizure of the property before its sale,
and sought dismissal of the complaint and such further relief as
was just and proper. Albert moved for summary disposition pursu-
ant to MCR 2.116(C)(9), arguing that the federal courts had repeat-
edly held that the defendant's challenges to the IRS's procedures
were meritless, that the tax deed was prima facie evidence of the
facts stated therein and effective to convey all rights, title, and
interest of a delinquent taxpayer, that it would be inequitable to
allow the defendant to challenge the validity of the sale in these
proceedings on the basis of insufficient notice because the defend-
ant had actual notice and every opportunity to raise the question of
inadequate notice before the tax sale and had failed to redeem the
property within a reasonable period, and that service of notice by
mail satisfied the requirements 26 USC 6335. The defendant filed a
cross-motion for summary disposition pursuant to MCR
2.116(C)(10). The court, Thomas S. Eveland, J., granted summary
disposition for Albert, finding that the defendant acted in an
untimely and inequitable fashion in waiting until this action to quiet
title to raise the question of the sufficiency of the notice of seizure
of the property, and entered a judgment quieting title in favor of
Albert. Following entry of the judgment by the trial court, Albert
conveyed the property to the village of Dimondale. The defendant

appealed, and the Court of Appeals allowed Dimondale to be substituted for Albert as the party plaintiff.

The Court of Appeals *held*:

1. Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim. A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. In deciding a motion for summary disposition under MCR 2.116(C)(9), a court may look only to the parties' pleadings, which include only the complaint, a cross-claim, a counterclaim, a third-party complaint, an answer to any of these, and a reply to an answer.

2. The trial court granted summary disposition for Albert primarily on the basis of its finding that the defendant had acted inequitably. The factual basis for that finding, however, came not from facts alleged in the parties' pleadings, but rather from alleged facts that were presented only in the documentary evidence submitted by the parties. Because the basis for the court's granting of summary disposition for Albert rested on facts found only outside the parties' pleadings, the court clearly erred in granting summary disposition for Albert under MCR 2.116(C)(9).

3. Summary disposition under MCR 2.116(C)(10) may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A court must consider the pleadings and any affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. In order to survive a motion brought under MCR 2.116(C)(10), the nonmoving party must show that there exists a material dispute of fact. As a general rule, summary disposition under MCR 2.116(C)(10) is premature if granted before discovery concerning a disputed issue is complete.

4. Albert argued that there was a disputed issue of fact concerning whether proper notice of the seizure of the property had been given and that further discovery of the records of the IRS was needed to resolve that dispute. Because there is nothing to suggest that the IRS gave notice of seizure both by certified mail and by personal service, additional discovery was unlikely to reveal support for Albert's suggestion that there was a disputed issue of material fact. 26 USC 6335(a) clearly requires that notice of seizure be personally served on the owner of the property to be seized or at the owner's abode or place of business if located within the internal revenue district where the seizure is made and permits service by mail only where the owner cannot be readily located or has no abode or business within that district. Because there is no evidence that the defendant could not be readily located, personal service of

the notice of seizure was required, and the failure to comply with the statutory mandate rendered the subsequent tax sale void by reason of the governmental failure to perfect its right to acquire and sell clear title. Accordingly, the trial court erred in denying summary disposition for the defendant on the basis that there was no disputed issue of fact and that the defendant was entitled to judgment as a matter of law.

5. Because the defendant did not institute the equitable action to quiet title, and therefore did not seek to evoke the equitable jurisdiction of the court, he should not be barred on equitable grounds from asserting his otherwise valid defense to the claim against the property.

6. Because it is clear that the defendant was entitled to judgment as a matter of law, the trial court erred in failing to grant summary disposition for the defendant. The trial court's order of summary disposition must be reversed and the matter must be remanded for entry of an order of summary disposition in favor of the defendant and judgment quieting title to the disputed property in him.

Reversed and remanded.

1. TAXATION — DELINQUENT TAXPAYERS — FEDERAL INCOME TAXES — NOTICE OF SEIZURE OF PROPERTY.

The written notice of the United States Secretary of Treasury's seizure of a taxpayer's property for failure to pay federal income taxes must be either by personal service on the taxpayer or by leaving such notice at the taxpayer's abode or place of business if located within the internal revenue district in which the seized property is located unless the taxpayer cannot be readily located or has no abode or business within that district, in which case the notice can be sent by certified mail to the taxpayer at the taxpayer's last known address (26 USC 6335[a]).

2. TAXATION — DELINQUENT TAXPAYERS — FEDERAL INCOME TAXES — NOTICE OF SEIZURE OF PROPERTY.

The failure of the United States Secretary of Treasury to comply strictly with the written notice requirements relative to the seizure of a taxpayer's property on account of unpaid federal income taxes renders void any subsequent sale by the government of the property at a tax sale (26 USC 6335[a]).

*McGinty, Jakubiak, Frankland & Hitch, P.C.* (by *Thomas M. Hitch*), for the plaintiff.

Leslie Grable, in propria persona.

Before: Sawyer, P.J., and Hood and Whitbeck, JJ.

Per Curiam. Defendant, Leslie A. Grable, appeals as of right from an order granting summary disposition in favor of Richard E. Albert, for whom the village of Dimondale has been substituted on appeal. Grable argues that the trial court erroneously quieted title to his land in Richard E. Albert, who later sold the land to Dimondale, because the tax deed Albert acquired to Grable's property was void. We agree and reverse.

## I. STATUTORY BACKGROUND

This case involves the application of three separate and distinct provisions of the Internal Revenue Code, each of which relates to the process by which the federal government forecloses on property in order to collect unpaid federal taxes. The first of these provisions is the "notice and demand" requirement of 26 USC 6303(a), which prescribes the process the Internal Revenue Service (IRS)[1] must follow to notify a taxpayer of an *assessment* of the tax following the taxpayer's failure to pay the tax and states:

> Where it is not otherwise provided by this title, the Secretary [of Treasury] shall, as soon as practicable, and within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. *Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.* [Emphasis supplied.]

---

[1] In actuality, the Internal Revenue Service acts on behalf of the Secretary of Treasury. Therefore, we refer to the Secretary of Treasury's obligations as the obligations of the IRS.

The second provision is the "notice of seizure" requirement of 26 USC 6335(a), which delineates the process by which the IRS must notify a taxpayer of a *seizure* of property for failing to pay the tax and states:

> As soon as practicable after seizure of property, *notice in writing shall be given* by the Secretary [of the Treasury] to the owner of the property (or, in the case of personal property, the possessor thereof), *or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made.* If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized. [Emphasis supplied.]

As is readily apparent, the assessment and demand statute, 26 USC 6303(a), requires service by leaving the notice at the dwelling or usual place of business of the taxpayer or by mail. In contrast, the seizure statute, 26 USC 6335(a), requires the IRS to give notice by personal service or by leaving the notice at the usual place of abode or business of the taxpayer. Only if the IRS cannot readily locate that taxpayer or if the taxpayer has no dwelling or place of business within the internal revenue district can the IRS give notice through the mail to the taxpayer's last known address.

The third provision governs notice of a proposed *sale* of seized property, 26 USC 6335(b), and requires the IRS to give notice to the taxpayer of the proposed sale in the same way the Secretary of Treasury would give notice of the seizure under 26 USC 6335(a).

Additionally, this sale provision requires the IRS to give notice to the public through publication or posting.

II. FACTUAL BACKGROUND

According to Grable, in 1974, he and his wife acquired real property at 120 North Bridge Street in Dimondale, Michigan. The property is described as:

> The Southwesterly 24 feet in width of the northeasterly 56 feet in width of Lot 5, Block 21, Original Plat to the Village of Dimondale, Eaton County, Michigan, as recorded in Liber 1 of Plats, Page 65, Eaton County Records. Commonly known as 120 Bridge St; Dimondale, Michigan 48821; Parcel: 21-081-000-621-053.

Apparently, during calendar years 1980, 1981, 1983, 1984, 1985, and 1986, Grable did not pay his federal taxes, and the Internal Revenue Service began the process of assessing, seizing, and selling the property at 120 North Bridge Street. The record does not make clear when the IRS gave Grable a "notice and demand" related to a tax assessment under 26 USC 6303(a). However, the IRS gave the 26 USC 6335(a) "notice of seizure" to him on May 13, 1994, and gave the 26 USC 6335(b) "notice of sale" notice to him on November 26, 1994. While the IRS personally served Grable with the 26 USC 6335(b) "notice of sale," it is undisputed that the IRS *mailed* the 26 USC 6335(a) "notice of seizure" to Grable. Clearly, this was not in strict compliance with 26 USC 6335(a).

### III. FEDERAL PROCEDURAL HISTORY

At roughly the same time the IRS gave these two notices to Grable in 1994, it also began the process of assessing, seizing, and selling property owned by Grable & Sons Metal Products, Inc. (Grable Corporation) to enforce a levy for $2,916,474.58 in unpaid taxes. Apparently, the IRS took action with respect to property located at 116 Bridge Street, Dimondale, Michigan, and 601-701 Plains Road, Eaton Rapids, Michigan. The Grable Corporation contested the matter and, on June 3, 1994, the United States District Court for the Western District of Michigan, Gordon J. Quist, J., issued an opinion categorizing the case, along with several additional cases involving Grable, the Grable Corporation, and others, as "tax protester" cases (the court later deemed the cases against these individuals and corporations as "tax evader" cases). In any event, the court determined, among other things, that the government had given the proper "notice and demand" under 26 USC 6303(a) to the Grable Corporation. In an unpublished opinion, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court.

This federal litigation, however, has little relevance to this action to quiet title for three reasons. First, the litigation involved the Grable Corporation and not Grable himself. Second, the litigation did not, as Dimondale conceded during oral argument before this Court, explicitly involve the property at 120 North Bridge Street. Third, the litigation involved the "notice

and demand" requirement of 26 USC 6303(a), not the "notice of seizure" requirement of 26 USC 6335(a).

IV. THE INSTANT QUIET TITLE ACTION

In December 1994, Grable filed a notice (hereinafter the Grable notice) with the Register of Deeds for Eaton County to inform all bidders that he would challenge any sale of enumerated pieces of property in the United States District Court for the Western District of Michigan. According to the village of Dimondale, among the properties described in the Grable notice was the property at 120 North Bridge Street. Rather clearly, then, in December 1994, Grable had received some type of actual notice of, in the words of the Grable notice, "the *sale* of personal or real property of Grable and Sons Metal Products, Inc. *and Leslie A. Grable.*" (Emphasis supplied.)

The IRS sold the property at 120 North Bridge Street at auction to James T. Holberg in December 1994. Holberg obtained a tax deed to the property in November 1995 and, in June 1997, Holberg conveyed the property at 120 North Bridge Street to Richard E. Albert. Albert filed this action to quiet title in September 1997. Grable answered the complaint and asserted his affirmative defense that the tax sale to Holberg was invalid from its inception because the IRS failed to comply with the notice requirements in 26 USC 6335. In his answer to the complaint, Grable asked the court to dismiss the complaint and grant "such further relief as is just and proper."

In early 1998, Albert and Grable filed cross-motions for summary disposition. Grable moved for summary disposition under MCR 2.116(C)(10), again claiming that because the sale was void, Albert had no valid

title to the property. In this motion, for the first time, Grable requested that the trial court quiet title to the property at 120 North Bridge Street in him.

Albert moved for summary disposition under MCR 2.116(C)(9), asserting three main arguments. First, Albert argued that because the federal courts had repeatedly held Grable's challenges to the IRS procedures to be meritless, res judicata barred this latest defense, which was or could have been raised in the federal litigation. Second, Albert claimed that a tax deed is prima facie evidence of the facts stated therein and effective to convey all rights, title, and interest of the delinquent taxpayer, leaving Albert with title superior to any interest Grable had in the property. Third, Albert contended that Grable had actual notice and every opportunity to raise the issue of the inadequate notice before the tax sale but had failed to redeem the property within a reasonable amount of time, which was inequitable. In a supplemental brief, Albert also argued that this Court had held that "under 26 USC 5335 [sic] service of notice of sale by mail was entirely permissible."[2]

Grable responded that none of the litigation in the federal courts involved issues raised in the present litigation because (1) those cases did not involve the notice requirements of 26 USC 6335(a), (2) those cases concerned only personal property owned by a corporation, and (3) the IRS did not sell the property in issue in this case until after that litigation was final in the federal district court, and, up to the time of the sale, the IRS could have complied with the require-

---

[2] Albert's reference to *Ruff v Isaac*, 226 Mich App 1; 573 NW2d 55 (1997), makes it clear that the provision referred to was 26 USC 6335.

ments of 26 USC 6335(a) by giving him notice of the seizure by personal service.

In May 1998, the trial court granted Albert's motion for summary disposition. The trial court reasoned that the general rule in Michigan is that where "a serious defect occurs in the tax sale, it may be attacked by the owner of the premises, provided he acts promptly and does equity." The trial court acknowledged that Grable notified prospective buyers that he would sue concerning the validity of the seizure. However, the trial court also noted that Grable presented many arguments to the federal district court challenging the seizure of the property at 120 North Bridge Street, including an argument that notice from the IRS was insufficient under 26 USC 6303, but lost those arguments repeatedly in the federal court. (Indeed, the federal district court sanctioned Grable for instituting frivolous litigation.) The trial court also stated that the purpose of the notice requirement is to prevent disputes over whether a taxpayer received notice, but Grable never disputed that he received actual notice of the seizure. The trial court also remarked that Grable had the opportunity to redeem the property, did not do so, and then remained silent for two years and nine months after the sale; Grable only acted to defend his rights in the property at 120 North Bridge Street when Albert brought the action to quiet title, and only then did Grable contend that notice of the seizure was improper. The trial court concluded that Grable had acted in an untimely and inequitable fashion and ultimately entered judgment quieting title in favor of Albert.

After the trial court quieted title to the property at 120 North Bridge Street in Albert, Albert conveyed that property to Dimondale. When Grable appealed the trial court's decision to quiet title in Albert, this Court granted Dimondale's motion to be substituted as the appellee in this case.

## V. THE PARTIES' ARGUMENTS

Grable does not explicitly challenge the trial court's decision to grant Albert summary disposition pursuant to MCR 2.116(C)(9). Rather, he claims that the sale to Holberg was void because the IRS failed to comply strictly with the statutorily mandated notice procedure in 26 USC 6335(a). Therefore, according to Grable, Albert, and ultimately Dimondale, had no title in the property at 120 North Bridge Street and the trial court should have quieted title in him. Grable also asserts that equitable doctrines may not override the IRS's duty to comply strictly with the notice procedures delineated in 26 USC 6335.

Dimondale, arguing in Albert's stead, responds that the trial court properly granted summary disposition because (1) Grable failed to plead a valid defense, (2) the tax title is prima facie evidence of the facts stated therein, and (3) Grable had actual notice and every opportunity to raise the issue of the inadequacy of notice before the sale, but inequitably delayed acting.

## VI. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision with respect to a motion for summary disposition.

*Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

### VII. SUMMARY DISPOSITION IN FAVOR OF ALBERT UNDER MCR 2.116(C)(9)

The trial court did not specify the subsection of MCR 2.116(C) under which it granted summary disposition. However, because the trial court granted summary disposition in favor of Albert on the basis of his argument that Grable had failed to assert a valid defense, we assume that it ruled under MCR 2.116(C)(9), the court rule Albert cited in his motion for summary disposition.

Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim. *Nicita v Detroit (After Remand)*, 216 Mich App 746, 750; 550 NW2d 269 (1996). A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. *Lepp v Cheboygan Area Schools*, 190 Mich App 726, 730; 476 NW2d 506 (1991). If the defenses are " 'so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery,' " then summary disposition under this rule is proper. *Id.*, quoting *Domako v Rowe*, 184 Mich App 137, 142; 457 NW2d 107 (1990).

Albert alleged that the tax deed extinguished Grable's interest in the property at 120 North Bridge Street. Grable answered that the tax sale had not transferred his interest and affirmatively claimed that the deed was void because of the IRS's failure to comply with the requisite notice procedures in 26 USC 6335(a). Thus, Grable categorically denied the material allegations of the complaint and stated a legally cognizable defense. See *Nasser v Auto Club Ins*

*Ass'n*, 435 Mich 33, 47; 457 NW2d 637 (1990), quoting *Pontiac School Dist v Bloomfield Twp*, 417 Mich 579, 585; 339 NW2d 465 (1983) (" '[W]hen, as here, a material allegation of the complaint is categorically denied, summary [disposition] under [MCR 2.116(C)(9)] is improper.' " [alterations in *Nasser*]).

Further, a court may look only to the parties' pleadings in deciding a motion under MCR 2.116(C)(9). MCR 2.116(G)(5). "Pleadings," as defined in MCR 2.110(A), include only a complaint, a cross-claim, a counterclaim, a third-party complaint, an answer to any of these, and a reply to an answer. A motion for summary disposition is not a responsive pleading under MCR 2.110(A). *Huntington Woods v Ajax Paving Industries, Inc (On Rehearing)*, 179 Mich App 600, 601; 446 NW2d 331(1989). The trial court in this case noted many alleged facts presented to it only in the wealth of documentary evidence submitted by the parties, not in the pleadings. The trial court relied on these alleged facts when it determined that Grable had acted inequitably, which is an improper foundation for granting summary disposition under MCR 2.116(C)(9). Thus, the trial court clearly erred in granting summary disposition under MCR 2.116(C)(9).

VIII. SUMMARY DISPOSITION IN FAVOR OF GRABLE UNDER MCR
2.116(C)(10)

The trial court's error in granting Albert summary disposition does not end our analysis, because, in granting that motion, the trial court simultaneously denied Grable's motion for summary disposition under MCR 2.116(C)(10). Accordingly, we must determine whether the trial court also erred in denying Grable's motion.

Under MCR 2.116(C)(10), summary disposition may be granted if there "is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). A court must consider the pleadings as well as affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999). However, the nonmoving party must produce evidence showing a material dispute of fact left for trial in order to survive a motion for summary disposition under this court rule. MCR 2.116(G)(4); *Etter v Michigan Bell Telephone Co*, 179 Mich App 551, 555; 446 NW2d 500 (1989).

Although Grable did not dispute that he received actual notice of the seizure of the property at 120 North Bridge Street by certified mail, Albert declined to admit that notice by certified mail was defective and specifically asserted that he needed an opportunity to review the IRS records to determine whether the claimed defect actually existed. Accordingly, Albert argued that if the trial court denied his motion under MCR 2.116(C)(9), it should deny Grable's motion under MCR 2.116(C)(10) because discovery was not yet complete. "As a general rule, summary disposition is premature if granted before discovery on a disputed issue is complete." *Dep't of Social Services v Aetna Casualty & Surety Co*, 177 Mich App 440, 446; 443 NW2d 420 (1989). "However, summary disposition may be proper before discovery is complete where further discovery does not stand a fair chance of uncovering factual support for the position of the party opposing the motion." *Prysak v R L Polk Co*, 193 Mich App 1, 11; 483 NW2d 629 (1992).

It is clear that Albert did not carry his burden of providing proof of proper notice at the time the trial court ruled on the motions for summary disposition. *Etter, supra.* Albert did not assert or provide an evidentiary basis for what he believes he might find to support the existence of a factual dispute. See *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994) ("If a party opposes a motion for summary disposition on the ground that discovery is incomplete, the party must at least assert that a dispute does indeed exist and support that allegation by some independent evidence."). Nor is it apparent what other information the parties might be able to produce concerning this issue beyond an official IRS record indicating that IRS staff mailed a written notice of the seizure to Grable by certified mail. There is no reason to believe that the IRS provided duplicate notice to Grable by certified mail *and* one of the proper means identified in 26 USC 6335(a). Indeed, the IRS evidently thought the notice of seizure by certified mail was sufficient, because it went ahead with the tax sale. Thus, summary disposition before discovery closed was not premature because additional discovery was unlikely to reveal "factual support for" Albert's, and now Dimondale's, arguments. *Prysak, supra.*

The absence of this evidence of proper notice had a conclusive effect on the action to quiet title. The law is clear that a tax sale purchaser cannot obtain clear title if the government failed to perfect its right to sell clear title by strict compliance with the provisions for notice of the levy, seizure, and sale. *Ruff v Isaac*, 226 Mich App 1, 5-6; 573 NW2d 55 (1997); *Goodwin v United States*, 935 F2d 1061, 1065 (CA 9, 1991).

Absent literal compliance with the provisions of 26 USC 6335(b), a tax sale of land is "void." *Aqua Bar & Lounge, Inc v United States*, 438 F Supp 655, 658 (ED Pa, 1977). In *Howard v Adle*, 538 F Supp 504, 507 (ED Mich, 1982), the federal court stated that notice of sale by certified mail was insufficient to comply with the statute. The *Howard* court rejected the government's interpretation of 26 USC 6335(b), which would have permitted certified mail delivery, as contrary to the plain language of the statute. *Id.* While these federal cases deal with IRS failures to comply with the notice procedure for the *sale* of property under 26 USC 6335(b), there is little justification to read 26 USC 6335(a), the provision on notice of *seizures*, differently because the procedure for notice under 26 USC 6335(b) incorporates the procedure for notice under 26 USC 6335(a). Recently, this Court determined that the IRS complied with the notice procedure of 26 USC 6335(a) when it served the plaintiffs by certified mail because they could not be "readily located." *Ruff, supra* at 8. However, this Court stated that the statute is unambiguous and should be given its plain meaning. *Id.*, citing *Robinson v Shell Oil Co*, 519 US 337; 117 S Ct 843; 136 L Ed 2d 808 (1997). Here, there is no evidence that Grable could not be "readily located."

Furthermore: "[w]hen a delinquent taxpayer contests a third-party purchaser's title to property acquired through a tax sale, the general rule is that 'the burden of showing literal compliance with statutes governing the sale of land for taxes is upon the claimant under the tax sale.'" *Ruff, supra* at 5, quoting *McAndrews v Belknap*, 141 F2d 111, 115 (CA 6, 1944). On the facts presented, Albert, and now

Dimondale, did not meet this burden. While this may appear to be an anomalous result in light of the evidence in the Grable notice that Grable minimally had *actual* notice of the proposed *sale* of the property at 120 North Bridge Street, we find nothing in the record that can serve to excuse the IRS from strict compliance with the requirements of 26 USC 6335(a) for notice of *seizure*. In the absence of that notice, the tax deed was invalid and the trial court should have quieted title in Grable by granting him summary disposition under MCR 2.116(C)(10) and entering a judgment to that effect.

Dimondale's additional arguments do not persuade us to reach a different result. For instance, Dimondale, as did Albert, contends that under 26 USC 6339(b), a tax deed is valid on its face because the deed is prima facie evidence of the facts stated in it. We do not quibble with that statement of the law. However, here, the tax deed stated:

> WHEREAS, the sale was conducted in compliance with all of the requirements of Sub-chapter D, Chapter 64, of the Internal Revenue Code and Regulations thereunder.

Grable has rebutted this statement by showing inadequate notice, which neither Albert nor Dimondale has proved wrong by submitting contrary evidence. See *Margiotta v Dist Director of Internal Revenue Service, Brooklyn*, 214 F2d 518, 522 (CA 2, 1954). Therefore, the statement in the tax deed that it complied with all relevant statutory provisions has no effect on our decision.

Dimondale's and Albert's argument that Grable's inequitable delay in acting on his rights bars his claim to the property is similarly without merit. It is not at

all clear in Michigan that the general rule that a party aggrieved by a defective tax sale must act promptly and equitably to avoid the sale applies when there was defective notice of a tax assessment, seizure, or sale. See *Howard, supra* at 508, quoting *Detroit Trust Co v Lieberwitz*, 275 Mich 429, 436; 266 NW 406 (1936). In both *Howard* and *Ruff*, the taxpayers were *plaintiffs* who attempted to quiet title and, in doing so, opened the door to the respective defendants' claims that the plaintiffs acted inequitably. In this case, Grable, the *defendant*, did not institute the equitable action to quiet title. Therefore, we see no reason to bar him from asserting an otherwise valid defense to the claim against his property. See generally *Stabile v General Enterprises*, 70 Mich App 711, 718; 246 NW2d 375 (1976) (equity is a shield, not a sword).

### IX. CONCLUSION

The trial court erred in three ways. First, it erroneously considered evidence outside the pleadings when granting summary disposition to Albert under MCR 2.116(C)(9). Second, the trial court ignored that Grable had pleaded a valid defense when asserting that the tax deed Albert possessed was invalid for lack of proper notice under 26 USC 6335(a). Finally, the trial court erroneously denied summary disposition to Grable when there was no issue of material fact left in dispute regarding whether Grable received proper notice when the IRS seized his property.

Reversed and remanded for an order of summary disposition in favor of Grable and judgment quieting title to the disputed property in him. We do not retain jurisdiction. Grable, having prevailed in full, may tax costs pursuant to MCR 7.219.