*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SYRJA LEKLI,

      Plaintiff-Appellant,

v

HUDSON INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
August 19, 2021

No. 352981
Wayne Circuit Court
LC No. 19-008879-NF

Before: LETICA, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Syrja Lekli, appeals the trial court order granting summary disposition to defendant, Hudson Insurance Company, under MCR 2.116(C)(10).[1] Lekli also challenges the trial court's order granting Hudson Insurance Company's motion to strike or set aside a default. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On December 11, 2016, Lekli was involved in a motor vehicle crash. At the time, Lekli was driving a vehicle owned by Pergjoni Transport, LLC that had been leased to B&W Cartage Company, Inc. There were two insurance policies for the vehicle. One was issued by Great

---

[1] In its brief on appeal, Hudson Insurance Company argues that Lekli's appeal is untimely. The trial court order granting summary disposition states that the hearing on the motion was held on February 12, 2020, but the register of actions indicates that the order was filed on February 11, 2020. The judge's signature on the order is not dated. However, the transcript for the hearing on the motion for summary disposition was held on February 11, 2020. As a result, it is clear that the February 12, 2020 notation on the order is a scrivener's error and the order was entered on February 11, 2020. Lekli's appeal is, therefore, untimely under MCR 7.204(A). Nevertheless, we exercise our discretion to treat Lekli's claim of appeal as an application for leave to appeal, and we grant leave under MCR 7.203(B)(5). See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

American Assurance Company and the other was issued by Hudson Insurance Company. In 2017, Lekli filed a claim against Pergjoni Transport, LLC, B&W Cartage Company, Inc., Great American Assurance Company, Farm Buran Mutual Insurance Company of Michigan, and the Michigan Automobile Insurance Placement Facility. He did not, however, include Hudson Insurance Company in that lawsuit. Instead, on June 26, 2019, he filed a separate claim against Hudson, seeking payment of personal protection insurance (PIP) benefits under the no-fault policy Hudson had issued for the vehicle.

Relevant to the issues raised on appeal, on August 19, 2019 Lekli sought entry of a default against Hudson Insurance Company based upon its failure to answer the complaint within 28 days after service. See MCR 2.108(A)(2). On August 27, 2019, Hudson Insurance Company filed its answer to the complaint. Lekli objected to the answer, arguing that it was improper because Hudson Insurance Company was in default. Then, after Hudson Insurance Company filed a motion for summary disposition, Lekli argued that the motion was improper because of the default. Thereafter, Hudson Insurance Company filed an emergency motion to strike or set aside the default, arguing in part that it had not been entered under MCR 2.603(A) or, alternatively, that the default should be set aside because the requirements for doing so under MCR 2.603(D)(1) had been met. Because of the dispute over whether a default had been entered, the trial court denied the first motion for summary disposition, and it held oral argument on the emergency motion to strike or set aside the default. Thereafter, the court found that the default had not been "entered" by the court clerk under MCR 2.603(A). The court also held that there was good cause to set aside the default because of procedural irregularities. Finally, the court found that Hudson Insurance Company had a meritorious defense to Lekli's claim for PIP benefits. Consequently, the court entered an order striking or setting aside the default. It also denied Lekli's motion for reconsideration.

Thereafter, Hudson Insurance Company filed a new motion for summary disposition under MCR 2.116(C)(10). Following oral argument, the trial court granted that motion.

## II. DEFAULT

### A. STANDARD OF REVIEW

Lekli argues that the trial court abused its discretion by setting aside the default. The trial court's decision on a motion to set aside a default is reviewed for an abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). Interpretation of the court rules is reviewed de novo. *State Farm Fire & Casualty Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006).

### B. ANALYSIS

The trial court found that the default was not entered by the court clerk under MCR 2.603(A), which provides:

> (1) If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is

verified in the manner prescribed by MCR 1.109(D)(3) and filed with the court in the request for default, the clerk must enter the default of that party.

(2) Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

The notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court.

(3) After the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court in accordance with subrule (D) or MCR 2.612.

In this case, the record reflects that on August 19, 2019, Lekli submitted a document titled "default" to the trial court. Attached to that document was an affidavit supporting the requested default. The only signature on the "default" was the signature of Lekli's lawyer. The document, which was filed electronically, contained a time-stamp from the court. That time stamp, which was ran vertically along the left-hand margin of the "default," stated, "19-008879-NF FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 8/19/2019 12:57 PM Debra Bynum."

On appeal, Lekli contends that the time-stamp shows that the default was "entered" by court clerk Debra Bynum. However, rather than indicating that the document was "entered," the time-stamp only states that the document was "filed" in the clerk's office. Moreover, the language in the time-stamp is essentially identical to the time stamp included on the first page of almost every pleading, proof of service, motion, and other document filed with the trial court. Specifically, the time-stamp consistently indicates the lower court docket number, the name of the court clerk for the Wayne County Clerk's Office, the date and time that the document was filed, and the name of the clerk who presumably accepted the document for filing. The fact that the time-stamp appears in the left-hand margin of the first page of almost every filing strongly suggests that the time stamp indicates when the document was filed, not whether or not it was entered by the court clerk. It is axiomatic that accepting a default signed only by a party's lawyer is different from entering a default.

Here, although Lekli was not required to use it, the Supreme Court Administrative Office (SCAO) form for the entry of a default is instructive as to what constitutes entry of a default by the court clerk. Specifically, the SCAO form, which is a single page, has three distinct sections: a section to request a default, a section to enter the default, and a section for a certificate of mailing. The section labelled "default entry," states, "The default of the party named above for failure to plead or otherwise defend is entered," and it contains a fill-in-the-blank box for the date and for the signature of the court clerk. Thus, the clerk's affirmative signature indicating that he or she did more than passively accept the default for filing and instead, as required by the court rules, entered the default. Here, although the August 19, 2019 "default" filed in the trial court sets forth much of the same information, it does not have any place for the court clerk to indicate by his or her signature that the default is entered.

Further, review of the entire lower court record shows that, even in the absence of a signature block, the court clerk could have electronically signed the document. The September 23, 2019 status conference scheduling order contains a different time stamp format than the majority of the documents filed in the trial court. The time stamp for the September 23, 2019 status conference order is on the right-hand side of the first page and it is not included in the margin. Moreover, unlike the other time-stamps, the time stamp on the September 23, 2019 order provides, "19-008879-NF FILED IN MY OFFICE WAYNE COUNTY CLERK 9/23/2019 9:34:19AM CATHY M. GARRETT /s/ Rita Causey." The notation "/s/" indicates that the document was electronically signed by Rita Causey. Further, the notation on the register of actions indicates that the September 23, 2019 order was "signed and filed," whereas the August 19, 2019 default only indicates that it was "filed."

Given that the August 19, 2019 order was only signed by Lekli's lawyer, and given that the time-stamp only indicates that the "default" was filed, we conclude that the trial court did not err by finding that the default was never entered. Consequently, there was no default to be set aside under MCR 2.603(D)(1). And, because no default was entered against Hudson Insurance Company, there was no procedural bar to its motion for summary disposition. See MCR 2.603(A)(3) (prohibiting a defaulted party from proceeding in an action until the default has been set aside).[2]

## III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Next, Lekli argues that the trial court erred by granting Hudson Insurance Company's motion for summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

### B. ANALYSIS

"[U]nder MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury." *Perkovic v Zurich American Ins Co*, 500 Mich 44, 50; 893 NW2d 322 (2017). Lekli's claim for

---

[2] Even if it was arguable that a default had been entered, there was good cause to set it aside. Good cause to set aside a default can be shown if there is "a substantial irregularity or defect in the proceeding upon which the default is based." *Alken-Ziegler*, 461 Mich at 233 (quotation marks and citation omitted). The "default" was signed by Lekli's lawyer, but not by the court clerk, and the time-stamp only indicates that—like every other electronically filed document—the "default" was filed with the court. The fact that no clear entry of the default was ever made by the court clerk is a substantial irregularity or defect in the proceedings that constitutes good cause to set aside the order. Moreover, as will be explained below in response to Lekli's argument that the trial court erred by granting summary disposition, Hudson Insurance Company had a meritorious defense to Lekli's PIP claim.

PIP benefits was not filed within one year of the accident causing injury, so his claim can only proceed if at least one of the exceptions applies. It is undisputed that the second exception does not apply in this case. Accordingly, the dispositive issue is whether Hudson Insurance Company was properly notified of Lekli's injuries.

In its motion for summary disposition, Hudson Insurance Company submitted an affidavit from the person responsible for Lekli's PIP claim. That person averred that no notice of Lekli's PIP claim was received on or before December 11, 2017 (i.e., within one year of the date of injury). Further, he averred that, despite a diligent records search, within that same one-year period, he was unable to discover any documentation or other evidence of any claims for Lekli filed in connection with the December 11, 2016 motor vehicle crash. Instead, the first notice of the claim occurred in 2019. Lekli presented no contradictory evidence creating a genuine issue of material fact with regard to this issue, so summary disposition was properly granted.

Lekli nevertheless argues that summary disposition was premature because discovery was not yet complete. He argues that discovery would show that Hudson Insurance Company "paid for damage claims to the truck and the bridge damaged in the accident." However, even assuming that discovery would have, in fact, showed Hudson Insurance Company paid claims for property damage arising from the crash, MCL 500.3145(1) requires that the notice of injury must be given to the insurer "by a person claiming to be entitled to benefits therefor, or by someone in his behalf." There is nothing on the record indicating that the insured who submitted a claim for property damage associated with the accident did it on Lekli's behalf. Further, under MCL 500.3145(1) the notice "shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." It could be inferred that Lekli's name and address and the time and place of his motor vehicle crash were included in the documentation supporting the payment for property damage. It does not also follow that the documentation would indicate that Lekli was injured or the nature of his injury. Thus, because further discovery would be unlikely to uncover factual support for Lekli's position, summary disposition was not prematurely granted. See *Village of Dimondale v Grable*, 240 Mich App 553, 566; 618 NW2d 23 (2000).

Lekli also contends that Hudson Insurance Company had a copy of the police report. The police report, however, does not satisfy the notice requirements in MCL 500.3145(1). Although it identifies Lekli as the driver of a vehicle that received "disabling damage," it listed the associated hospital as "none" and the box indicating injury was not checked. In order to be sufficient, notice of injury must, in fact, indicate that an injury occurred to the person claiming to be entitled to benefits. MCL 500.3145(1).[3]

---

[3] Lekli asserts that Hudson Insurance Company's failure to issue a denial letter means that it is precluded from asserting a defense under MCL 500.3145. His cursory argument, however, relies upon a recently amended version of the statute, and he makes no argument that the amendment should be applied retroactively. Further, even if the amended statute were to be applied, the tolling section that he appears to be relying on is set forth in subsection (3). Subsection (3) expressly references "[a] period of limitations applicable under subsection (2) . . . ." MCL 500.3145(3). In

Affirmed. Hudson Insurance Company may tax costs as the prevailing party. MCR 7.219(A).

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Michael J. Kelly

---

turn, the period of limitations under subsection (2) are for claims where "the notice has been given or a payment has been made . . . ." Thus, in this case, because the notice required by MCL 500.3145(1) was not given and because a payment for PIP benefits was not previously made, the limitations period in subsection (2) and the tolling provision in subsection (3) are not implicated. Lekli, therefore, is not entitled to relief on this basis even if the amended statute were applicable to his claim for PIP benefits.