*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD SCHADDELEE, JR., as Cotrustee of the
RONALD SCHADDELEE IRREVOCABLE
TRUST,

        Appellant,

v

MARIA DELEON, as Cotrustee of the RONALD
SCHADDELEE IRREVOCABLE TRUST,

        Appellee,

and

JAMES SCHADDELEE,

        Other Party.

UNPUBLISHED
June 22, 2023

No.  362521
Ottawa Probate Court
LC No.  21-067858-TV

Before:  GLEICHER, C.J., and RICK and MALDONADO, JJ.

PER CURIAM.

A trust agreement is a document separate and distinct from a declaration of trust ownership. The first is a contract creating a trust and setting forth its terms. The second is a list of assets or potential assets that will flow into the trust. The probate court correctly determined that the declaration of trust ownership was not a contract and a cotrustee did not breach her fiduciary duty by allegedly violating a provision of that declaration. We affirm.

## I. BACKGROUND

On February 18, 2021, Ronald Schaddelee, Sr. executed a trust agreement and named two of his children—Maria DeLeon and Ronald Schaddelee, Jr.—as cotrustees. The trust agreement provided that the trust was "irrevocable and may not be altered, amended, or modified in whole or in part in any way." Ronald Sr. "reserve[d] the right to add property to the trust." Upon Ronald

-1-

Sr.'s death, the cotrustees were directed to "divide the remaining trust property, including additions from any sources, into separate shares" among the trust beneficiaries.

On the same day, Ronald Sr. signed a declaration of trust ownership, stating, in relevant part:

> I declare, as Settlor of the Ronald Schaddelee Irrevocable Trust (trust), an irrevocable trust existing under a trust agreement executed by me on February 18, 2021 that, by this declaration, I transfer and convey to the Co-Trustees, Maria DeLeon and Ronald Schaddelee, Jr., solely and exclusively for and in behalf of the trust, all property, whether owned or later acquired, regardless of the means by which acquired, including, without limitation, the following:
>
> - bank accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit
>
> - mutual and money market funds of all kinds
>
> - securities, including but not limited to stocks, bonds, treasury instruments, and notes receivable
>
> - agency and custody accounts, including but not limited to those at banks or brokerage firms
>
> &ast; &ast; &ast;
>
> - any property that now or at any time after the date of this declaration is held in my name or any variation of my name, but excluding any interest in property owned by me with another person as joint owners or as tenants by the entireties

The declaration continued that Ronald Sr. and the cotrustees "affirm[ed] and declare[d]":

> - I will hold all property described above solely and exclusively for and on behalf of the trust as trust owner, subject to any and all instructions from the acting trustee.
>
> - Except to the extent of beneficial interests provided to me under the terms and provisions of the trust agreement, as now written and as may be amended in the future, I have and shall have no personal interests in any of the properties described above.

Several years before executing his trust, Ronald Sr. opened an investment account through Infinex Investments with Macatawa Bank. Ronald Sr. designated Maria as the sole beneficiary of that account. Ronald Sr. never amended the beneficiary designation.

Ronald Sr. passed away in March 2021. In September 2021, Ronald Jr. filed a petition to remove Maria as cotrustee because Maria had refused to transfer the investment account proceeds

-2-

into the trust. Ronald Jr. contended that this violated the declaration of trust ownership and Maria's fiduciary duties. Maria responded that as the investment account had a separate beneficiary designation, the proceeds flowed to the named beneficiary and not to the trust.

Ronald Jr. eventually sought partial summary disposition pursuant to MCR 2.116(C)(9) and (10), contending that Maria had promised by express agreement in the declaration of trust ownership to hold no personal interest in property intended to be transferred into the trust. Maria responded that the investment account beneficiary designation was an express contract that overrode the trust and declaration of trust ownership. As there was a separate, preexisting beneficiary designation, Maria contended that the investment account was not part of the trust.

At the close of the summary disposition hearing, the probate court noted that this was not a breach of contract case.

> It's called a Declaration of Trust Ownership. It is in fact a declaration, a statement, a representation. It is not a contract; it is not an agreement. It doesn't say it is the terms of the title, and in the terms of the content of the document it doesn't say that it's a contract or an agreement. It's simply Ronald Sr. saying: This is my understanding of the kinds of assets that should go into my trust. And it's his children saying: We agree with that, and we agree with our father's representation, and we'll agree to abide by that.

The court continued that a settlor can list anything in his or her declaration of trust ownership, but can only pass property he or she actually owns into the trust.[1]

> The declaration of trust ownership is a statement, a representation that he's making, saying this is what I think I own. But such declarations can be wrong and have been wrong many times in the past. And this is why every good estate planning attorney, upon the completion of the estate planning and creation of the trust, will tell their clients: Now you need to go out and fund your trust. And one way you fund your trust is to change the beneficiary designations on all of your accounts, naming the trust as the beneficiary. And I don't know what advice the attorney gave Mr. Schaddelee, but for whatever reason Mr. Schaddelee never did that, and Maria DeLeon remained the beneficiary. And so, in my opinion, this account is not part of the trust. Why? Because Maria DeLeon owned it at the time immediately upon the death of Ronald Sr., and therefore Ronald Sr. had no ability to include it within his trust by making this declaration of trust ownership.

> I find that that document is not a contract with mutual rights and obligations as between Maria DeLeon and Ronald Jr. It is merely a declaration, a statement by the settlor of the trust and agreed to by his children that this is what we think Dad owns, but it isn't an iron-clad guarantee that Dad owns that. And if he leaves an

---

[1] The court used as an example that a settlor could list the Brooklyn Bridge in his or her declaration of trust ownership. Obviously, the settlor did not own that property and its title could not pass into the trust upon the settlor's death.

account with a beneficiary designating the money to go somewhere else, then he doesn't own it and it doesn't go into his trust.

The probate court issued an order denying Ronald Jr.'s motion for partial summary disposition and instead ruled in Maria's favor. The court reiterated that the declaration of trust ownership was not a binding agreement; it was a statement of the assets that Ronald Sr. believed he owned and intended to flow into the trust. The investment account was not a part of the trust because it flowed directly to Maria through the beneficiary designation.

Ronald Jr. now appeals.

## II. ANALYSIS

We review de novo a lower court's resolution of a summary disposition motion. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition is warranted under MCR 2.116(C)(9) when "[t]he opposing party has failed to state a valid defense to the claim asserted against him or her." This review is made based on the pleadings alone and summary disposition must be granted "[i]f the defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000) (quotation marks and citation omitted). Summary disposition is supported under MCR 2.116(C)(10), on the other hand, when viewing the evidence presented in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

Underlying the court's decision was its determination that the declaration of trust ownership was not a contract. Rather, it was a document pertaining to the trust created by the contractual trust agreement and outlining general categories of theoretical property that would flow into the trust. We review this legal conclusion de novo. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

"[A] contract is an agreement between parties for the doing or not doing of some particular thing and derives its binding force from the meeting of the minds of the parties." *In re Mardigian Estate*, 312 Mich App 553, 562; 879 NW2d 313 (2015) (quotation marks and citation omitted), aff'd 502 Mich 154 (2018). As described by the Estates and Protected Individuals Code (EPIC), a trust may be created by the owner of property (the settlor) declaring that he or she "holds identifiable property as a trustee." MCL 700.7401(1)(b). "This section does not require a separate registration or retitling of property." Martin & Harder, *Estates and Protected Individuals Code with Reporter's Commentary* (ICLE, February 2023 Update), p 575. The trust is created when the settlor "executes an agreement or instrument establishing the terms of the trust." *Id*. The trust is funded by separately "attach[ing] a schedule of property held subject to the trust as its initial corpus or . . . concurrently sign[ing] a separate declaration of trust or bill of sale declaring identifiable property . . . held subject to the terms of the trust established by the agreement or instrument." *Id*.

The distinction between the trust agreement and the declaration of trust ownership is further supported by caselaw. " 'It is a general principle of trust law that a trust is created only if the settlor manifests an intention to create a trust, and it is essential that there be an explicit declaration

of trust accompanied by a transfer of property to one for the benefit of another.' " *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 497; 948 NW2d 452 (2019), quoting *Osius v Dingell*, 375 Mich 605, 613; 134 NW2d 657 (1965). Although it is essential that property be transferred into the trust through a declaration of trust, the declaration is not the document that creates the trust or dictates the trust terms.

Here, Ronald Sr. executed a trust agreement outlining the terms of the trust, his duties, and the duties of the cotrustees. That document was a contract creating a trust. In a separate document signed on the same day—the declaration of trust ownership—Ronald Sr. provided a schedule of general property categories that he might own and that he expected to flow into the trust. This separate declaration of trust ownership is *not* part of the agreement creating the trust. The probate court correctly described that the declaration of trust ownership served a different purpose. Accordingly, the probate court properly granted summary disposition in Maria's favor in this regard.

The probate court proceeded to consider the parties' arguments about whether the investment account flowed directly to Maria or the trust after Ronald Sr.'s death, and ruled in Maria's favor. Ronald Jr. does not challenge that conclusion on appeal.

We affirm. Maria DeLeon, having prevailed in full, is entitled to tax her costs pursuant to MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado