SCHULZ v NORTHVILLE PUBLIC SCHOOLS

Docket No. 219124. Submitted February 14, 2001, at Detroit. Decided August 17, 2001, at 9:15 A.M. Leave to appeal sought.

Northville Charter Township brought an action in the Wayne Circuit Court against the Northville Public Schools, the superintendent of the Northville Public Schools, and the Northville Board of Education, seeking both a declaration that the defendants had to comply with local zoning regulations before proceeding with the construction of a proposed new high school and an injunction prohibiting the defendants from proceeding with the construction of the school until they had complied with the local zoning regulations. Heather Schulz and other individual property owners were permitted to intervene as party plaintiffs, seeking the same declaratory and injunctive relief. The plaintiff and intervening plaintiffs filed motions for summary disposition, seeking a declaratory ruling that the defendants' construction plans were subject to the township's zoning regulations. The court, Kathleen I. MacDonald, J., denied those motions, ruling that subsection 1263(3) of the Revised School Code, MCL 380.1263(3), exempted the defendants from complying with local zoning regulations. The court thereafter entered a final order dismissing all the claims of the plaintiff and the intervening plaintiffs. The intervening plaintiffs appealed as of right from the court's final order.

The Court of Appeals held:

1. MCL 380.1263(3) provides that a school board shall not design or build a school building unless the design or construction complies with the requirements of the construction of school buildings act (CSBA), MCL 388.851-388.855a, and that the superintendent of public instruction has "sole and exclusive jurisdiction over the review and approval" of plans and specifications for the construction or remodeling of school buildings and of site plans for those school buildings.

2. The language of MCL 380.1263(3) clearly vests in the superintendent of public instruction exclusive jurisdiction to review and to approve the plans and specifications for the construction or remodeling of school buildings and the site plans for such schools. There is nothing in the language of the statute to suggest that the superintendent's review and approval authority is limited to a review of

compliance with the requirements of the CSBA or is subject to local zoning regulations. The superintendent's jurisdiction is exclusive, and the statute exempts school construction projects from local zoning regulations, including site plan reviews.

3. The intervening plaintiffs argue that MCL 380.1263(3) unconstitutionally delegates legislative authority to the superintendent of public instruction to review and to approve site plans without providing the guidance of a standard. Although the intervening plaintiffs correctly note that the Revised School Code does not expressly define the term "site plan," MCL 380.1263(3) does provide that a school building may not be designed or built unless the design or construction complies with the provisions of the CSBA. Because a site plan expresses the design that a local school district has chosen for the construction of new school facilities, and because the CSBA provides the superintendent of public instruction with extremely detailed standards governing the design and construction of school buildings, the Legislature's delegation of authority to the superintendent of public instruction was accompanied with sufficiently precise standards to avoid impermissibly granting to the superintendent unbridled discretion with respect to the review of site plans of proposed school construction projects. To the extent that the Legislature has given public education concerns primacy over local property concerns, the intervening plaintiffs' recourse relative to decisions regarding the design and construction of new school facilities lies in the polling booths during school elections, not with the courts.

Affirmed.

1. SCHOOLS — SCHOOL DESIGN AND CONSTRUCTION — SITE PLANS — REVISED SCHOOL CODE — LOCAL ZONING REGULATIONS.

The Revised School Code gives to the superintendent of public instruction sole and exclusive jurisdiction over the review and the approval of plans and specifications for the construction or remodeling of school buildings and of site plans for those school buildings; the granting to the superintendent of public instruction the exclusive jurisdiction to review and to approve school plans and specifications has the effect of exempting school construction projects from local zoning regulations, including regulations concerning site plan review (MCL 380.1263[3]).

2. SCHOOLS — REVISED SCHOOL CODE — APPROVAL OF SCHOOL CONSTRUCTION PLANS — SITE PLANS — CONSTITUTIONAL LAW — DELEGATION OF LEGISLATIVE AUTHORITY.

The Legislature's granting to the superintendent of public instruction the authority to review and to approve the plans and the specifications for the construction of school buildings and the site plans of

those buildings was accompanied by sufficiently precise standards to avoid impermissibly granting to the superintendent unbridled discretion with respect to the review of site plans of proposed school construction projects; the requirements of the construction of school buildings act, which are incorporated into the grant of review authority to the superintendent of public instruction, provide adequate standards with respect to the design issues, including the review of site plans (MCL 380.1263[3], 388.851-388.855a).

*Butzel Long* (by *Susan K. Friedlaender*), for the intervening plaintiffs.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Robert A. Lusk, Christopher M. Murray,* and *Joseph R. Furton, Jr.*), for the defendants.

Amici Curiae:

*Bauckham, Sparks, Rolfe, Lorstorfer & Thall, P.C.* (by *John H. Bauckham*), for Michigan Townships Association and Michigan Municipal League.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Jeffrey J. Butler* and *Edith C. Harsh,* Assistant Attorneys General, for the Superintendent of Public Instruction.

*Anthony A. Derezinski* and *Brad A. Banasik,* for the Michigan Association of School Boards.

Before: SMOLENSKI, P.J., and JANSEN and FITZGERALD, JJ.

SMOLENSKI, P.J. This case requires us to decide whether a provision of the Revised School Code, MCL 380.1263(3), exempts school construction projects from local land use regulations, including zoning controls and site plan reviews. Further, we must decide whether the statute unconstitutionally delegates legis-

lative authority to the superintendent of public instruction. We conclude that the statute is constitutional and that its plain language exempts school construction projects from local land use regulations, including zoning and site plan reviews.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants planned construction of a new high school in Northville Charter Township. The township, along with area residents, requested that defendants alter construction plans to accommodate their concerns regarding parking, buffering, setback, storm water control, and tree preservation issues. Defendants declined to adopt all the requested changes, taking the position that the Revised School Code exempted them from local zoning regulations. The township filed a circuit court complaint requesting declaratory and injunctive relief. Individual property owners intervened, filing their own complaint for declaratory and injunctive relief.[1] Plaintiff and intervenors filed motions for summary disposition under MCR 2.116(C)(9), seeking a declaratory ruling that defendants' construction plans were subject to plaintiff's local zoning regulations, including the site plan review process. The circuit court denied those motions, ruling that the Revised School Code exempted defendants from local zoning regulations.

---

[1] At the hearing on the motion to intervene, counsel for defendants expressly indicated that defendants had no objection to the intervention. Issues for appeal must be preserved by an objection in the trial court, and counsel may not harbor error as an appellate parachute. *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). Accordingly, we conclude that defendants have waived any argument that intervenors lack standing to pursue this appeal.

Intervenors appeal as of right from the circuit court's decision.[2]

## II. STANDARD OF REVIEW

A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings. *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000). Summary disposition under MCR 2.116(C)(9) is proper if the defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. *Id.* This Court reviews de novo a trial court's decision with respect to a motion for summary disposition under MCR 2.116(C)(9). *Village of Dimondale, supra* at 563-564.

## III. REVISED SCHOOL CODE

As our Supreme Court explained in *Dearden v Detroit*, 403 Mich 257, 264; 269 NW2d 139 (1978), "legislative intent, where it can be discerned, is the test for determining whether a governmental unit is immune from the provisions of local zoning ordinances." To discern legislative intent, we " 'look first to the specific language of the statute, resorting to judicial construction only where reasonable minds could disagree with regard to the statute's meaning.' "

---

[2] Defendants did not file a motion for summary disposition of plaintiff's and intervenors' claims. However, plaintiff and intervenors argued below that the denial of their motions for summary disposition effectively resolved all pending issues in the case. Upon plaintiff's and intervenors' motions, the circuit court entered a final order dismissing all claims and closing the case under MCR 2.602(A). Intervenors appeal from that order. Plaintiff ultimately settled its dispute with defendants and is not a party to this appeal.

*Eaton Farm Bureau v Eaton Twp,* 221 Mich App 663, 666; 561 NW2d 884 (1997), quoting *Folands Jewelry Brokers, Inc v Warren,* 210 Mich App 304, 307; 532 NW2d 920 (1995). "If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written." *Nation v W D E Electric Co,* 454 Mich 489, 494; 563 NW2d 233 (1997). Further, courts "may not speculate regarding the probable intent of the Legislature beyond the language expressed in the statute." *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd,* 240 Mich App 153, 173; 610 NW2d 613 (2000).[3] We review issues of statutory interpretation de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998).

Guided by the above principles, we begin by examining the language of the Revised School Code, MCL 380.1263(3). The statute provides, in pertinent part:

> The board of a school district shall not design or build a school building to be used for instructional or noninstruc-

---

[3] Intervenors urge this Court to find that the Legislature did not intend to exempt school construction projects from local zoning regulations because the Legislature did not create a specific set of land development standards to replace those traditionally enforced by local units of government. Intervenors cite decisions from the courts of other states to support their method of discerning legislative intent. *Edmonds School Dist No 15 v City of Mountlake Terrace,* 77 Wash 2d 609; 465 P2d 177 (1970); *School Dist of Philadelphia v Zoning Bd of Adjustment, City of Philadelphia,* 417 Pa 277; 207 A2d 864 (1965); *Port Arthur Independent School Dist v City of Groves,* 376 SW2d 330 (Tex, 1964); *Cedar Rapids Community School Dist v City of Cedar Rapids,* 252 Iowa 205; 106 NW2d 655 (1960). However, our Supreme Court has established the test to be applied in Michigan: appellate courts must attempt to discern the Legislature's intent by examining the statutory language at issue. Because the language of the Revised School Code is plain and unambiguous, we will not look to the case law of other jurisdictions to interpret it.

tional school purposes or design and implement the design for a school site unless the design or construction is in compliance with . . . sections 388.851 to 388.855a of the Michigan Compiled Laws.[4] *The superintendent of public instruction has sole and exclusive jurisdiction over the review and approval of plans and specifications for the construction, reconstruction, or remodeling of school buildings used for instructional or noninstructional school purposes and of site plans for those school buildings.* [Emphasis added.]

Defendants argue that the statute clearly and unambiguously grants the superintendent of public instruction "sole and exclusive jurisdiction" over the review and approval of both construction plans and site plans for school buildings. Therefore, defendants argue that the statute exempts school construction projects from the application of local zoning regulations, including the site plan review process. Intervenors concede that the statute grants the superintendent "sole and exclusive jurisdiction" over school construction plans. However, intervenors argue that the superintendent's jurisdiction over site plans for school buildings is limited by the language of the construction of school buildings act (CSBA), MCL 388.851 to 388.855a.

Intervenors point to the first sentence of MCL 380.1263(3), which provides that a local school board may neither design nor build a school unless the design or construction complies with the CSBA. Intervenors then urge this Court to read the second sentence of MCL 380.1263(3) to mean that the superintendent has exclusive jurisdiction over site plans only to the extent that site plans are reviewed under the

---

[4] The construction of school buildings act, MCL 388.851 to 388.855a.

CSBA. Intervenors contend that the superintendent and his designees review site plans under the CSBA only for compliance with fire safety and barrier-free design regulations. Therefore, intervenors argue that the superintendent's "sole and exclusive jurisdiction" over the review and approval of site plans extends only to fire safety and barrier-free design issues.[5] We reject intervenors' strained construction of the statutory language.

In *Dearden, supra* at 265, the Court reviewed statutory language granting the Department of Corrections "exclusive jurisdiction" over penal institutions. The Court determined that the statutory language indicated the Legislature's intent to grant the DOC immunity from local zoning ordinances. *Id.* at 267. In *Burt Twp v Dep't of Natural Resources*, 459 Mich 659, 667; 593 NW2d 534 (1999), the Court applied the *Dearden* analysis when it reviewed statutory language granting the Department of Natural Resources "power and jurisdiction" over land under the public domain. Because a statutory grant of "power and jurisdiction" was not the same as a statutory grant of "exclusive jurisdiction," the *Burt* Court determined that the Legislature did not intend to grant the DNR immunity from local zoning ordinances. *Id.* at 669-670. However, the *Burt* Court cautioned that the Legislature need not utilize any specific language to express its intent to

---

[5] Intervenors argue, in the alternative, that the statute vests the superintendent with authority to review and approve site plans for school buildings but does not excuse the superintendent from preparing those site plans in conformance with local zoning regulations. If intervenors' construction of the statute were correct, then the superintendent's jurisdiction over site plans for school buildings would not be "sole and exclusive," but would be shared jointly with local zoning authorities. We reject intervenors' attempt to evade the clear intent of the statutory language.

immunize a governmental unit from local zoning ordinances. As the Court stated:

> While the presence of such terms as "exclusive jurisdiction" certainly would be indicative of a legislative intent to immunize the DNR from local zoning ordinances, we decline to require that the Legislature use any particular talismanic words to indicate its intent. The Legislature need only use terms that convey its clear intention that the grant of jurisdiction given is, in fact, exclusive. Whatever terms are actually employed by the Legislature, our task is to examine the various statutory provisions at issue and attempt to discern the legislative intent in enacting them. [*Id.* at 669.]

In the present case, the Legislature granted the superintendent of public instruction "sole and exclusive jurisdiction" over the review and approval of site plans for school buildings. This language satisfies *Burt's* requirement that the Legislature employ terms that convey a clear intention to grant a governmental unit exclusive jurisdiction. In fact, we fail to see how the Legislature's intent could have been more clearly expressed. The grant of jurisdiction to the superintendent of public instruction is exclusive, and the statute exempts school construction projects from local zoning regulations, including site plan reviews. Therefore, we conclude that the trial court properly denied intervenors' motion for summary disposition under MCR 2.116(C)(9).

### IV. UNCONSTITUTIONAL DELEGATION OF LEGISLATIVE AUTHORITY

Intervenors next argue that the Revised School Code unconstitutionally delegates legislative authority to the superintendent of public instruction to review and approve site plans without the guidance of a single standard. Intervenors argue that the statute imper-

missibly grants the superintendent "unbridled discretion" over the review of site plans because neither the Revised School Code nor the CSBA contains a specific set of land development standards to replace those traditionally enforced by local units of government.

The constitutionality of a statute is a question of law that we review de novo. *Citizens for Uniform Taxation v Northport Public School Dist*, 239 Mich App 284, 287; 608 NW2d 480 (2000). Statutes are presumed constitutional unless unconstitutionality is clearly apparent. *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999). Further, the "power to declare a law unconstitutional should be exercised with extreme caution and never where serious doubt exists with regard to the conflict." *Council of Organizations & Others for Ed About Parochiaid, Inc v Governor*, 455 Mich 557, 570; 566 NW2d 208 (1997).

In *Blue Cross & Blue Shield of Michigan v Governor*, 422 Mich 1, 51-52; 367 NW2d 1 (1985), our Supreme Court set forth the criteria that appellate courts must use to evaluate claims that a statute unconstitutionally delegates legislative authority:

> 1) the act must be read as a whole; 2) the act carries a presumption of constitutionality; and 3) the standards must be as reasonably precise as the subject matter requires or permits. The preciseness required of the standards will depend on the complexity of the subject. Additionally, due process requirements must be satisfied for the statute to pass constitutional muster. Using these guidelines, the Court evaluates the statute's safeguards to ensure against excessive delegation and misuse of delegated power. [Citations omitted.]

Intervenors correctly note that the Revised School Code does not expressly define the term "site plan."

MCL 380.3 to 380.7. However, the statute does provide that a school building may not be designed or built unless the design or construction complies with the provisions of the CSBA. MCL 380.1263(3). Contrary to intervenors' argument, the Revised School Act does not look to the CSBA for guidance on *construction* issues alone. Rather, the act also refers to the provisions of the CSBA for guidance regarding *design* issues. MCL 380.1263(3). A site plan expresses the design that a local school district has chosen for the construction of new school facilities. We agree with defendants that the CSBA provides the superintendent with extremely detailed standards governing the design and construction of school buildings. MCL 388.851 to 388.855a. We conclude that these standards are sufficiently precise and provide adequate guidance to the school officials who undertake to design school construction projects.

Intervenors complain that the Revised School Code does not sufficiently protect the interests of persons owning real property located adjacent to a school construction site. Relying on the belief that local zoning regulations will better protect their interests, intervenors argue that local zoning authorities must be allowed to control the design of school construction projects through the site plan review process. Intervenors correctly observe that the instant statutes do not place the interests of adjacent property owners in a paramount position. Instead, the Revised School Code instructs school officials to pursue "the interests of public elementary and secondary education in the school district." MCL 380.11a(3). To the extent that the interests of local property owners and

the interests of public education conflict, the Legislature has chosen the side of public education.

Finally, we conclude that the Revised School Code and the CSBA contain adequate safeguards to ensure against misuse of delegated power. *Blue Cross, supra* at 52. As our Supreme Court indicated in *Westervelt v Natural Resources Comm*, 402 Mich 412, 449; 263 NW2d 564 (1978):

> The agency's high degree of proximity to the elective process . . . is, in our opinion, an additional, substantial factor assuring that the public is not left unprotected from uncontrolled, arbitrary power in the hands of remote administrative officials.

In the present case, it is undisputed that school officials involved with the design and construction of new public school facilities are highly proximate to the elective process. The local school board involved in this case convinced local voters to approve a large bond issue to support construction of the new high school on the property at issue. Further, the superintendent of public instruction is appointed by the state board of education, a body elected directly by the people of this state. Const 1963, art 8, § 3. If intervenors take issue with the decisions made by these school officials regarding the design and construction of new school facilities, then their recourse is found in the polling booths during school elections, not in the courts. We conclude that the trial court properly rejected intervenors' claim of unconstitutional delegation of legislative authority.

Affirmed.