ALLSTATE INSURANCE COMPANY v JJM

Docket No. 232923. Submitted September 3, 2002, at Lansing. Decided October 15, 2002. Approved for publication December 13, 2002, at 9:20 A.M.

Allstate Insurance Company, the homeowner's insurer of Deborah J. Morton, brought an action in the Sanilac Circuit Court against Morton and JJM, a minor, by her next friend, Barbara Moore, seeking a declaration that the homeowner's policy issued by the plaintiff to Morton does not provide liability coverage for claims against Morton of vicarious liability, gross negligence, social host liability, nuisance, and premises liability with regard to the rape of JJM by Joseph Stringer at Morton's home after JJM passed out from consuming alcohol supplied by Morton. The plaintiff moved for summary disposition, arguing that the exclusions and conditions of the policy preclude coverage and that JJM lacks standing to litigate Morton's coverage in light of Morton's failure to answer the plaintiff's complaint and the entry of a default judgment against Morton. The court, Donald A. Teeple, J., denied the motion. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. JJM's injuries did not arise from an "occurrence" under the policy. The policy defines "occurrence" as "an accident." No accident occurred in this case, either as a result of Morton's conduct or Stringer's conduct. JJM's injuries were the result of the intentional act of Stringer. Where a direct risk of harm is intentionally created, and property damage or personal injury results, there is no liability coverage even if the specific result was unintended. Morton reasonably should have expected that giving minors enough alcohol to allow them to pass out would result in harm. The fact that the specific harm that occurred was Stringer's intentional act of rape rather than alcohol poisoning is irrelevant to the determination whether the occurrence was an accident.

2. The policy at issue also excludes coverage for "any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts of, any insured person." By JJM's own admission, Morton's conduct of fur-

nishing alcohol to minors was intentional and criminal. Thus, coverage was excluded under the policy.

3. The trial court erred in not granting summary disposition for the plaintiff, but did not err in ruling that JJM has standing to contest Morton's insurance coverage. Once the plaintiff began its action for declaratory judgment and alleged that an actual controversy existed between itself, its insured, and the injured party, the trial court could declare the rights and responsibilities of all interested parties before it. This power was not destroyed by virtue of the default judgment entered against the insured.

Affirmed in part, reversed in part, and remanded for entry of an order of summary disposition for the plaintiff.

*Collison, Collison & Zimostrad, P.C.* (by *Charles C. Collison, Jr.*), for Allstate Insurance Company.

*John S. Paterson* for JJM, by her next friend, Barbara Moore.

Before: WHITBECK, C.J., and SAWYER and SAAD, JJ.

PER CURIAM. Plaintiff, Allstate Insurance Company, appeals by leave granted an order denying its motion for summary disposition. We affirm in part, reverse in part, and remand.[1]

I. FACTS AND PROCEDURAL HISTORY

In September 1998, Barbara Moore, on behalf of her daughter JJM, a minor, filed a complaint against Deborah Morton and Joseph Stringer after JJM was raped at Morton's home by Stringer, a minor. Moore alleged that Morton opened her house to numerous minors for parties and supplied them with alcohol. JJM attended one of the parties and was raped when she passed out after consuming alcohol. In her com-

---

[1] This appeal is being decided without oral argument pursuant to MCR 7.214(E).

plaint, JJM alleged that Morton is vicariously liable for Stringer's assault and battery. JJM also asserted claims against Morton for gross negligence, social host liability, nuisance, and premises liability. Morton did not initially notify her homeowner's insurance carrier, Allstate, about the litigation.

On December 7, 1999, Morton, in propria persona, signed a consent judgment in which she admitted liability and agreed to damages in the amount of $600,000, on the condition that JJM not attempt to recover the judgment against her personally. At the same time, the trial court entered a default judgment against Stringer in the amount of $10 million. After the consent judgment was placed on the record, but before judgment was entered, Morton's attorney notified Allstate of the suit. The trial court entered the judgment on July 24, 2000.

On January 10, 2000, Allstate filed a complaint against Morton and JJM for declaratory judgment. Allstate sought a declaration that Morton's homeowner's policy does not provide liability coverage for the loss alleged by JJM in the underlying case. Morton failed to respond to the complaint and the trial court ultimately entered a default and default judgment against her. JJM filed a motion to set aside the default and the trial court granted the motion in an order entered on May 31, 2000.

On January 5, 2001, Allstate moved for summary disposition under MCR 2.116(C)(9) and (C)(10). Allstate argued that the exclusions and conditions of the policy preclude coverage and that JJM lacks standing to litigate Morton's coverage. Morton did not respond to the motion, but JJM argued that the policy exclusions do not apply to Morton's conduct and that All-

state provided counsel to Morton in the ancillary case. The trial court denied Allstate's motion and further held that JJM has standing to assert coverage as a result of Morton's assignment of her rights in the policy.

## II. ANALYSIS

"This Court's review of a trial court's grant or denial of a summary disposition motion is de novo." *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 701; 644 NW2d 779 (2002).[2] Further, the interpretation of an insurance contract is a question of law that this Court similarly reviews de novo. *Morley v Automobile Club of Michigan*, 458 Mich 459; 581 NW2d 237 (1998).

---

[2] In *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), our Supreme Court explained:

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

In *Schulz v Northville Pub Schools*, 247 Mich App 178, 182; 635 NW2d 508 (2001), this Court opined:

A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings. *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000). Summary disposition under MCR 2.116(C)(9) is proper if the defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. *Id.* This Court reviews de novo a trial court's decision with respect to a motion for summary disposition under MCR 2.116(C)(9). *Village of Dimondale, supra* at 563-564.

Here, Allstate argues that JJM's injuries did not arise from an "occurrence" under the policy. The policy defines "occurrence" as "an accident." No "accident" occurred in this case, either as a result of Morton's conduct or Stringer's. JJM's injuries were the result of the intentional act of a third party, Stringer, not some " 'undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected.' " *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 114; 595 NW2d 832 (1999), quoting *Arco Industries v American Motorists Ins Co*, 448 Mich 395, 404-405; 531 NW2d 168 (1995), overruled by *Masters, supra* at 116. In *Nabozny v Burkhardt*, 461 Mich 471; 606 NW2d 639 (2000), our Supreme Court addressed unintended or "accidental" injuries that occur as the result of intentional acts. The Court held that such acts are not "accidents" triggering coverage under an insurance policy. Specifically, the Court stated:

> "[W]here a direct risk of harm is intentionally created, and property damage or personal injury results, there is no liability coverage even if the specific result was unintended. It is irrelevant that the character of the harm that actually results is different from the character of the harm intended by the insured. [*Id.* at 481, quoting *Frankenmuth Ins Co v Piccard*, 440 Mich 539, 557; 489 NW2d 422 (1992) (CAVANAGH, C.J., dissenting).]

Under *Nabozny*, no accident giving rise to coverage occurred in this case because Morton reasonably should have expected that giving minors enough alcohol to allow them to pass out would result in harm. The fact that the specific harm that occurred was Stringer's intentional act of rape rather than alcohol

poisoning is irrelevant to the determination whether the occurrence was an accident.

Furthermore, as Allstate observes, the policy contains the following exclusion:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts of, any insured person. This exclusion applies even if:
>
> a) such insured person lacks the mental capacity to govern his or her conduct;
>
> b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected;
>
> c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

In support of its motion for summary disposition, Allstate filed a copy of the settlement hearing transcript from December 7, 1999. At the hearing, JJM's attorney sought to admit a "certificate of conviction" for Morton "for selling and furnishing to a minor [JJM], and the contributing to the delinquency of a minor, [JJM]" Furthermore, in her complaint against Stringer and Morton, JJM repeatedly alleges that Morton's conduct of furnishing alcohol to minors was both knowing and illegal. Clearly, by JJM's own admission, the underlying conduct by Morton was intentional and criminal and, regardless whether the injury was different than expected, coverage is excluded by the provisions set forth above.

Allstate also says that the trial court erred in ruling that JJM has standing to contest Morton's insurance coverage. As JJM points out, our Supreme Court addressed a similar factual situation in *Allstate Ins Co v Hayes*, 442 Mich 56; 499 NW2d 743 (1993). In *Hayes*, as here, Allstate brought an action for declara-

tory judgment against the insured and the injured party. *Id.* at 58. After the insured defaulted, Allstate filed a motion for summary disposition and argued that the default deprived the injured party of standing. *Id.* at 59. The Supreme Court rejected that argument, and held:

> [O]nce Allstate began its action for declaratory judgment and alleged that an actual controversy existed between itself and its insured and [the injured party], the trial court could declare the rights and responsibilities of all interested parties before it. This power was not destroyed by virtue of the default judgment entered against the insured. [*Id.* at 61.]

Accordingly, because Allstate sued Morton and JJM, JJM has standing to contest coverage. However, as discussed above, under the conditions and exclusions of the policy, no coverage exists.

Thus, while we affirm the trial court's denial of summary disposition on the issue of standing, we reverse the trial court's order regarding coverage and remand for entry of an order granting Allstate's motion for summary disposition and dismissing the case. We do not retain jurisdiction.