*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF MICHAEL WELLS, by GREGORY
WELLS, Personal Representative,

UNPUBLISHED
July 16, 2020

Plaintiff-Appellant,

v

No. 348135
Macomb Circuit Court
LC No. 2017-003739-NI

STATE FARM FIRE & CASUALTY COMPANY,

Defendant-Appellee,

and JOSEPH NARRA,

Defendant.

Before: GLEICHER, P.J., and SAWYER and METER, JJ.

PER CURIAM.

In this insurance policy coverage case, plaintiff, the Estate of Michael Wells by its personal representative Gregory Wells (plaintiff), appeals the circuit court's January 22, 2018 order granting defendant State Farm Fire & Casualty Company's (defendant or State Farm) motion for summary disposition pursuant to MCR 2.116(C)(8). Plaintiff's appeal is by right as part of its appeal of a February 29, 2019, stipulation and order dismissing all of plaintiff's claims against defendant Joseph Narra, which was a final judgment in the case.[1] MCR 7.202(6)(a)(*i*). We affirm.

---

[1] This Court denied State Farm's motion to dismiss this appeal for lack of jurisdiction on the basis that plaintiff was not an "aggrieved party" because plaintiff agreed to the entry of the final order permitting this appeal and plaintiff did not reserve its right to appeal the prior order granting summary disposition. *Estate of Michael Wells v State Farm Fire & Casualty Company*, unpublished order of the Court of Appeals, dated November 4, 2019 (Docket No. 348135) " '[A] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders.' " *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (citation

This case arises out of a May 8, 2015 single-vehicle accident involving a 2008 Jaguar occupied by plaintiff's decedent, Michael Wells, and other teenagers, including Jonathan Manolios and Emanuel Malaj, who were also killed. Plaintiff alleges that either Manolios or defendant Joseph Narra was operating the Jaguar recklessly, that both were underage and intoxicated by alcohol or drugs furnished to them at the home of their teen friend, Gregory S. Bobchick (Gregory Jr.). At the time of the accident, Gregory Jr.'s parents, Gregory A. Bobchick and Dawn Bobchick (the Bobchicks), were insured under a home-owners insurance policy issued by defendant State Farm that required State Farm pay up to its limits of liability for damages of which an insured is legally liable for bodily injury resulting from an "occurrence" meaning "an accident." Defendant denied its policy covered the incident and refused to defend social host liability claims under MCL 436.1701 and MCL 750.141a that plaintiff brought against the Bobchicks in an underlying lawsuit, which also asserted automobile owner's liability, MCL 257.401, against the Bobchicks. Plaintiff alleged that the Bobchicks "knowingly provided or furnished alcohol" to Manolios and Gregory Jr., which was a direct and proximate cause of the crash and plaintiff's damages.

At the time of the accident, the Bobchicks had automobile insurance with Grange Insurance Company of Michigan (Grange), which settled plaintiff's automobile negligence claims for $100,000, resulting in a consent judgment against the Bobchicks. Dawn Bobchick testified in her deposition for the underlying lawsuit that the Bobchicks had acquired the 2008 Jaguar from her cousin Robert Cerrito by taking over his loan payments on the vehicle. Although the Bobchicks had no paperwork for the Jaguar, they obtained insurance for it from Grange. Plaintiff attached copies of documents to its response to defendant's motion for summary disposition showing the Jaguar was titled to Robert E. Cerrito, as well as Dawn Bobchick's deposition. The Bobchicks kept the keys to the Jaguar on a key rack; Gregory Jr.'s use of the Jaguar was unrestricted. In fact, the Bobchicks considered the Jaguar Gregory Jr.'s car.

On May 8, 2015, Dawn Bobchick was cleaning the basement when Gregory Jr. arrived home from school between 2:30 and 3:00 P.M. Gregory Jr. soon left and returned with his friends, Manny (Emanuel Malaj), Mike (decedent Michael Wells), and Jon (Manolios). The boys soon left again in the Jaguar. Although Dawn Bobchick admitted allowing Gregory Jr. to drink alcohol under her direct supervision occasionally, she denied letting other teens drink alcohol in her home. She denied providing the boys alcohol or allowing them to drink at her home on May 8, 2015. Bobchick stated that she knew providing underage persons with alcohol could result in their operating motor vehicles poorly, resulting in an accident.

After settling its automobile claims with the Bobchicks and Grange, plaintiff entered a settlement agreement, assignment, covenant not to sue, and covenant not to execute with the Bobchicks to settle plaintiff's social host liability claims for $475,000. Pursuant to the settlement agreement, a consent judgment in favor of plaintiff against the Bobchicks was entered on August 15, 2017, in Macomb Circuit Court Docket No. 2016-001071-NO, providing for payment of

---

omitted); see also *Ypsilanti Fire Marshall v Kircher (On Recon)*, 273 Mich App 496, 500 n 2; 730 NW2d 481 (2007), mod and lv den 480 Mich 910 (2007), noting that "when a party claims an appeal from a final order, it may raise on appeal all issues related to other orders entered in the case."

$100,000 by Grange to settle plaintiff's automobile claims and judgment against the Bobchicks in favor of the plaintiff on its social host liability claim in the amount of $475,000.

Plaintiff filed the instant declaratory action on October 5, 2017, seeking a determination that defendant State Farm was obligated under the homeowners policy it issued to the Bobchicks to pay the $475,000 social host liability consent judgment. As noted, plaintiff alleged that either Manolios or Narra was operating the Jaguar recklessly, that both Manolios and Narra were underage and intoxicated by alcohol or drugs furnished to them at the home of the Bobchicks. Plaintiff alleged that the furnishing of alcohol to Manolios and Narra by the Bobchicks resulted in the automobile crash killing plaintiff's decedent such that it was an "occurrence" requiring State Farm to pay plaintiff the $475,000 consent judgment under its homeowners policy.

In lieu of filing an answer, defendant State Farm filed a motion for summary disposition pursuant to MCR 2.116(C)(8), asserting that plaintiff had failed to state a claim for relief because its homeowners policy "only provides coverage for an 'occurrence,' which is defined to mean an 'accident' that 'results in bodily injury' during the policy period." Specifically, defendant asserted that "Michigan case law is clear that furnishing alcohol to a minor is not an 'accident' within the meaning of such a policy, but a deliberate act that carries the open and obvious risk of harm presented by intoxicated driving." *Id.*

In lieu of filing an answer, defendant State Farm filed a motion for summary disposition pursuant to MCR 2.116(C)(8), asserting that plaintiff had failed to state a claim for relief because its homeowners policy "only provides coverage for an 'occurrence,' which is defined to mean an 'accident' that 'results in bodily injury' during the policy period." Specifically, defendant asserted that Michigan case law holds that furnishing alcohol to a minor is not an "accident" within the meaning of a homeowners policy, but a deliberate act creates the direct risk of harm presented by intoxicated driving.

Defendant also asserted that its homeowners policy did not provide coverage for liability stated in the consent judgment because the policy excludes "claims for bodily injury arising out of the 'use' of a motor vehicle owned, operated by, rented or loaned to any insured."

Defendant attached three exhibits to its motion and brief in support: (A) the consent judgment plaintiff sought payment for; (B) a certified copy of its homeowners insurance policy issued to the Bobchicks; and (C) plaintiff's second amended complaint in Macomb Circuit Court Docket No. 16-0010711-NO, which was the basis of the consent judgment. Defendant argued that it was proper for the trial court to consider the attachments on its (C)(8) motion because when a claim is based on a written instrument, a copy of that instrument is considered to be "a part of the pleading for all purposes." MCR 2.113(F)(2).

Defendant argued that under Michigan law, the Bobchicks' deliberate act on which the social host liability consent judgment was based—furnishing alcohol to minors—is not an "accident" under its insurance policy, even if the car crash was unintended, because this ultimate result of an alcohol-impaired teenager operating a motor vehicle was a reasonably foreseeable consequence of the deliberate act of furnishing alcohol to minors.

Plaintiff filed a brief in response to defendant's motion for summary disposition. Plaintiff argued that the social host liability consent judgment was covered under the Bobchicks' homeowners policy because the liability arose out of an "occurrence"—was an "accident"—because from the subjective view of the insured, Dawn Bobchick, the car crash was neither intended nor expected.

To support its argument, plaintiff attached to its brief the deposition of Dawn Bobchick that was taken in plaintiff's underlying tort action that resulted in the consent judgment. Plaintiff acknowledged that furnishing alcohol to Manolios was an intentional act to which Dawn Bobchick was bound by the consent judgment, but that Bobchick testified she never observed or suspected that Manolios was under the influence of alcohol before he left her home with her son and other friends. Plaintiff also argued that the crash was unexpected because Bobchick did not know Manolios would be driving the Jaguar. So, plaintiff argued, a question of fact was presented whether the crash was reasonably foreseeable and if not, furnishing alcohol to minors and subsequent crash constitutes an "accident" and "occurrence" under State Farm's policy.

Plaintiff also argued in its responsive brief that the homeowners policy exclusion for bodily injury arising out of the ownership, maintenance, or use of a "motor vehicle owned or operated by or rented or loaned to any insured" did not apply because the Jaguar was owned by Robert Cerrito. In support of this argument, plaintiff attached three exhibits to its brief showing that the Jaguar was purchased by and registered in Cerrito's name. Plaintiff also cited the deposition testimony of Dawn Bobchick that the Jaguar was registered in Cerrito's name, her cousin, and that at the time of the accident, the Jaguar was being operated by Manolios.

State Farm filed a reply brief to plaintiff's response, arguing that social host liability can exist only where the homeowner plays an active part in furnishing alcohol to a minor." Defendant noted that plaintiff admitted in its brief, that the furnishing of alcohol to a minor is not an "accident" under the policy if the ultimate consequences of that act "should reasonably have been expected by the insured." Here, the testimony of Dawn Bobchick showed she was aware that furnishing alcohol to a minor could result in the minor getting "behind the wheel of a car and crash and kill somebody."

Defendant also presented additional arguments about the policy's motor vehicle exclusion. Defendant also attached a hand-written statement of Robert E. Cerrito, dated 5-11-15, in which Cerrito wrote that he had "given my 2008 Jaguar to my cousin they took over payments in October 2014 and Insurance is in there [sic] name." Similarly, Dawn Bobchick testified that the Bobchicks acquired the Jaguar from her cousin Robert Cerrito by taking over his loan payments, insuring the vehicle through Grange, and keeping its keys available for the family, including Gregory Jr., to use. Defendant also noted that plaintiff in its underlying complaint alleged that the Bobchicks possessed, took over the payments for, and Dawn Bobchick and Gregory Jr. regularly drove the Jaguar involved in the accident. These facts showed that the motor vehicle exclusion of defendant's homeowners policy applies to any liability arising from the 2008 Jaguar.

At the hearing on defendant's motion for summary disposition, the trial court framed the issue of whether social host liability could be a covered "occurrence" under the case law cited by the parties: "is it foreseeable for a homeowner who gives alcohol to minors as they are going out in a motor vehicle to anticipate there is going to be a problem if they drive?" Although noting the motion was under MCR 2.116(C)(8), not MCR 2.116(C)(10), plaintiff's counsel still argued the deposition of Dawn Bobchick. Plaintiff's counsel also argued that although under the consent judgment Dawn Bobchick furnished alcohol to the minors, "she had no reason to believe that the person who ended up operating

her cousin's car would ever be operating her cousin's vehicle." The trial court saw the issue as whether the furnishing of alcohol to minors might impair the ability of whoever might thereafter drive a motor vehicle, and rejected that the issue was a question of fact for the jury, stating:

> No, it is not an insurable interest. The Court has read your pleadings. I'm satisfied applying whatever test -- applying both the Supreme Court test and the analysis provided by the Court of Appeals in the light most favorable to the non-moving party that the social host liability on the part of the defendant herein in providing alcohol to a minor is not an occurrence within the contract language, and the motion for summary disposition is granted.

## I. WAS THERE AN "OCCURRENCE" OR "ACCIDENT"

### A. PRESERVATION

This issue has been preserved because it was raised before and decided by the trial court. *Gen Motors Corp v Dep't of Treas*, 290 Mich App 355, 386; 803 NW2d 698 (2010).

### B. STANDARDS OF REVIEW

An appellate court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is proper where the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8); *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim, *El-Khalil*, 504 Mich at 159, and may not be supported or opposed with affidavits, admissions, or other documentary evidence. MCR 2.116(G)(2); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). Rather, the motion must be decided based on the pleadings alone. *Id*.; MCR 2.116(G)(5). When considering a motion under MCR 2.116(C)(8), the trial court must accept all factual allegations in the opposing party's pleadings as true. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *El-Khalil*, 504 Mich at 160.

Where it is unclear under which subrule of MCR 2.116 the trial court granted summary disposition, or where the trial court considers documents or evidence outside the pleadings, an appellate court will review the decision under the standards of MCR 2.116(C)(10). *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 61; 903 NW2d 197 (2017); *Krass v Tri-County Security, Inc*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999). The trial court's grant of summary disposition under the wrong subrule is not fatal; this Court will review the court's decision under the standards of the proper subrule where the record is sufficient to do so. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 211-212; 933 NW2d 363 (2019).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or other documentary evidence. *El-Khalil*, 504 Mich at 160; *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). When considering a motion under MCR 2.116(C)(10), a trial court must view the proffered evidence in

the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Summary disposition is proper if the evidence, affidavits, pleadings, and admissions viewed in a light most favorable to the other party demonstrate that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The proper interpretation of a contract and the legal effect of one of its clauses are questions of law reviewed de novo. *Rory v Continental Ins Co*, 473 Mich 457, 461, 464; 703 NW2d 23 (2005). Insurance contracts are construed in the same manner as other contracts. *Seils*, 310 Mich App at 145. When determining the meaning of a contract, a court must assign the words in the contract their "plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory*, 473 Mich at 464. Courts must apply the unambiguous terms of a contract as written. *Id*. at 461; *Group Ins Co of Mich v Czopek*, 440 Mich 590, 596-597; 489 NW2d 444 (1992).

When interpreting an insurance policy, a two-step analysis is employed: first, does the general insurance agreement provide coverage for the occurrence, and, the second determination is whether coverage is negated by an exclusion. *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997). The insured has the burden to prove coverage, while the insurance company has the burden of proving the applicability of an exclusion. *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 172; 534 NW2d 502 (1995). "Exclusionary clauses in insurance policies are strictly construed in favor of the insured." *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 567; 489 NW2d 431 (1992). But clear and specific exclusions must be enforced as written so that the insurance company is not held liable for a risk it did not assume. *Id*.; *Czopek*, 440 Mich at 597.

C. ANALYSIS

We conclude that the trial court properly granted defendant summary disposition under MCR 2.116(C)(8) because plaintiff's pleadings regarding social host liability embodied in the consent judgment showed that defendant's insured knowingly furnished alcohol to minors directly creating the risk of alcohol-impaired operation of a motor vehicle that was a proximate cause of plaintiff's damages. Consequently, plaintiff's pleadings show that the automobile crash was the reasonably foreseeable direct result of the insured's intentional act of furnishing alcohol to minors, and therefore, not an "occurrence" or an "accident" under Michigan law. *Allstate Ins Co v McCarn*, 466 Mich 277, 282-283; 645 NW2d 20 (2002); *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 115-116; 595 NW2d 832 (1999); *Allstate Ins Co v Morton*, 254 Mich App 418, 422-423; 657 NW2d 181 (2002). Defendant's motion was properly granted because plaintiff's claim of coverage under the homeowner's policy is so clearly unenforceable that no factual development could possibly justify recovery. *El-Khalil*, 504 Mich at 160. For the same reason, allowing plaintiff to amend its pleadings would be futile and unjustified. MCR 2.116(I)(5); *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004).

Initially, defendant correctly argues that under the court rules, the pleadings in this case included plaintiff's complaint in this case, the homeowners insurance policy defendant issued to the Bobchicks, the consent judgment obtained in the underlying lawsuit, and plaintiff's second

-6-

amended complaint in the underlying lawsuit. "The term 'pleading' includes only: (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer." MCR 2.110(A). But "[w]hen an action is based on a written contract, it is generally necessary to attach a copy of the contract to the complaint. Accordingly, the written contract becomes part of the pleadings themselves, even for purposes of review under MCR 2.116(C)(8)." *Laurel Woods Apts v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007); citing MCR 2.113(F) and *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). Plaintiff's complaint refers to two contracts: the homeowners insurance policy issued to the Bobchicks and a settlement agreement resulting in the entry of the consent judgment and assignment of the Bobchicks' rights under the policy to plaintiff.

MCR 2.113(F) extends to all writings on which a claim or defense is based and such writing "attached or referred to . . . is a part of the pleading for all purposes." MCR 2.113(F)(2). Other writings that plaintiff refers to and on which plaintiff's claim depends include the consent judgment, and the underlying lawsuit in which plaintiff asserted negligence and social host liability claims, which form the basis of the consent judgment plaintiff claims is covered under the homeowners insurance policy. As part of the Macomb Circuit Court files, these last two writings come within MCR 2.113(F)(1)(a) and also are "part of the pleading for all purposes." MCR 2.113(F)(2).[2]

Plaintiff's pleadings, viewed in the light most favorable to plaintiff, set forth social host liability of the Bobchicks in that they knowingly furnished alcohol to the two minors who were alleged to have been operating the vehicle that crashed. These pleadings form the basis of the consent judgment that plaintiff seeks payment for under the homeowners policy.

Social host liability may arise out of two statutory prohibitions against providing alcohol to underage persons, MCL 436.1701 and MCL 750.141a. Liability under MCL 750.141a is established where a defendant has control of a premises and has knowledge that a minor is consuming alcohol on the premises, but fails to take corrective action. See MCL 750.141a(6). Both statutes have a scienter requirement of intentional action. See MCL 436.1701(1) ("knowingly sells or furnishes alcoholic liquor to a minor"); MCL 750.141a(2)(a) ("[k]nowingly allow a minor to consume or possess an alcoholic beverage"). Consequently, this Court has held that a prima facie case of negligence will not arise from a statutory violation of furnishing alcohol to a minor unless "the person allegedly violating the statute had some control over or an active part in supplying a minor with alcohol." *Christensen v Parrish*, 82 Mich App 409, 412; 266 NW2d

---

[2] Since the granting of summary disposition in this case, MCR 2.113(F) has been redesignated MCR 2.113(C), and has been modified with semantic but not substantive changes to accommodate "a statewide uniform e-Filing process," effective September 1, 2018, 501 Mich ___, and again modified without substantive changes, effective August 14, 2019 and January 1, 2020. See 503 Mich ___, ___. Under MCR 2.113(C), a claim or defense based on a written instrument is considered part of the pleadings, and may be considered on a motion for summary disposition based on MCR 2.116(C)(8). See *El-Khalil*, 504 Mich at 163, and *Bodnar v St John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019), lv pending.

826 (1978). Allegations of social host liability for negligent supervision of the "dispensation and consumption of alcohol by persons under 21 years of age do not state a cause of action upon which relief can be granted." *Reinert v Dolezel*, 147 Mich App 149, 155; 383 NW2d 148 (1986).

Because plaintiff's pleadings and the consent judgment have determined that the Bobchicks knowingly provided alcohol to the two minors that were operating the Jaguar at the time of the crash, no further factual development is necessary regarding what was in Dawn Bobchick's mind. Plaintiff's pleadings, cemented in the consent judgment, have established that the Bobchicks knowingly provided alcohol to both minors alleged to be driving the Jaguar when it crashed.

But a knowing violation of a statutory prohibition of furnishing alcohol to minors does not create strict liability for social hosts. The issue was discussed by our Supreme Court in *Longstreth v Gensel*, 423 Mich 675; 377 NW2d 804 (1985), which considered whether the plaintiff could maintain a cause of action based on violation of [the predecessor of MCL 436.1701] prohibiting "a person from knowingly selling or furnishing alcoholic liquor to a person under twenty-one years of age, against persons who are social hosts." *Id*. at 677-678, 690. The Court after surveying the common law and statutory history, reasoned that a "proven violation of a penal statute is prima facie evidence of negligence." *Id*. at 692, citing *Zeni v Anderson,* 397 Mich 117, 128-129, 143; 243 NW2d 270 (1976). The Court also relied on 2 Restatement Torts, 2d, § 286, p 25, providing for adopting a reasonable-man standard for negligence from the requirements of a legislative enactment that is designed to "(a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results." *Longstreth*, 423 Mich at 693. The Court held an alleged violation of the statute was sufficient to survive summary disposition because the statute "was meant to protect a class of persons, *i.e.,* those under the legal drinking age," and the plaintiff was within that class. *Id*. "The statute protects a particular interest, *i.e.,* freedom from injury caused by the use of alcohol by persons under twenty-one years of age." *Id*. So, the Court held a violation of the statute "creates a rebuttable presumption of negligence." *Id*.

The Court noted that knowingly selling or furnishing alcohol to a person under the legal drinking age was a prerequisite to liability so that lack of knowledge of minors consumption of alcohol would be a defense. *Longstreth*, 423 Mich at 694, citing *Parrish*, 82 Mich App 409. The Court further noted that while proving a statutory violation creates a rebuttable presumption of negligence, a plaintiff would still be required to prove that its damages were proximately caused by the statutory violation, which is generally a question of fact. *Longstreth*, 423 Mich at 695; *Nichols v Dobler*, 253 Mich App 530, 532, 537; 655 NW2d 787 (2002). "Determining proximate causation requires an examination of the foreseeability of consequences and of whether a defendant should be held legally responsible for the consequences of the defendant's conduct." *Johnson v Vanderkooi*, 502 Mich 751, 768; 918 NW2d 785 (2018); see also *Seils*, 310 Mich App at 157-158. Proximate cause has also been defined as that which, in a natural and continuous

sequence, unbroken by new and independent causes, produces the injury. *McMillian v Vliet*, 422 Mich 570, 576; 374 NW2d 679 (1985); see also M Civ JI 15.01, defining probable cause.[3]

In this case, plaintiff alleged that the two possible minor operators of the Jaguar (Narra and Manolios) were impaired by alcohol that was furnished by the Bobchicks. Further, plaintiff alleged that the Bobchicks' conduct of furnishing alcohol to the minors was a proximate cause of the crash, and therefore, was the natural and foreseeable result of knowingly furnishing alcohol to the minors. *Johnson*, 502 Mich at 768; *McMillian*, 422 Mich at 576; M Civ JI 15.01.

Additionally, plaintiff's allegations in the underlying complaint state plaintiff's claim of social host liability even more directly. Plaintiff alleged that the Bobchicks "knowingly provided or furnished alcohol" to Manolios, that doing so was a violation of MCL 436.1701 and MCL 750.141a, and that the Bobchicks' providing alcohol to Manolios "was a proximate cause" of the death of plaintiff's decedent and other damages. These allegations resulted in the consent judgment at issue in this case. Plaintiff notes that Dawn Bobchick is "bound by the consent judgment that she furnished alcohol to a minor (Manolios)." But Bobchick is also bound by the consent judgment that her knowingly furnishing alcohol to Manolios was a proximate cause of plaintiff's damages. Plaintiff as the assignee of the Bobchicks is also bound by the claim that the Bobchicks' conduct was a proximate cause of plaintiff's damages, i.e., the natural and foreseeable result of knowingly furnishing alcohol to the minors. See *Burkhardt v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004) ("An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses.").

Moreover, plaintiff is bound by his allegations in the underlying complaint by the doctrine of judicial estoppel. "The doctrine of judicial estoppel" or "the doctrine against the assertion of inconsistent positions," precludes litigants from playing " 'fast and loose, with the legal system." *Paschke v Retool Industries*, 445 Mich 502, 509; 519 NW2d 441 (1994) (citations omitted). " 'Under this doctrine, a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding.' " *Id.*, quoting *Lichon v American Univ Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990). Thus, for judicial estoppel to apply, a party must have "successfully and unequivocally" asserted a position in a prior action that is "wholly inconsistent" with the party's position in the new proceeding. *Paschke*, 445 Mich at 509-510; *Szyszlo v Akowitz*, 296 Mich App 40, 51; 818 NW2d 424 (2012). Further, for judicial estoppel to apply, "there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Paschke*, 445 Mich at 510. In this case, plaintiff's claims in the underlying case, that the Bobchicks' knowingly furnished alcohol to minors proximately caused plaintiff's damages (i.e., the car crash was a natural and foreseeable result), was accepted by the court as the basis of the consent judgment for social host liability. Plaintiff asserts in the instant case that plaintiff's damages were not reasonably foreseeable or not the direct natural result of the Bobchicks' knowingly furnishing alcohol to minors such that the

---

[3] The judge read the following instruction: "When I use the words 'proximate cause' I mean first, that the negligent conduct must have been a cause of plaintiff's injury, and second, that the plaintiff's injury must have been of a type that is a natural and probable result of the negligent conduct."

automobile crash was an "accident" or "occurrence" under the homeowners insurance policy. Plaintiff's position in the instant coverage lawsuit is wholly inconsistent with plaintiff's position that was successfully asserted to support the consent judgment of social host liability.

For the foregoing reasons, plaintiff's pleadings show that the automobile crash was the reasonably foreseeable direct result of the insured's intentional act of furnishing alcohol to minors, and therefore, not an "occurrence" or an "accident" under Michigan law. *McCarn*, 466 Mich at 282-283; *Masters*, 460 Mich at 115-116; *Morton*, 254 Mich App at 422-423. The parties agree that for liability coverage under defendant's homeowners policy there must be an "occurrence," defined in the policy by the undefined term "accident." The *McCarn* Court interpreted a similarly worded insurance policy, *McCarn*, 466 Mich at 281, and stated the rule that when the result of an insured's intentional conduct is unintended and unexpected, in that case pulling the trigger on a gun believed to be unloaded, it may still be considered an "accident" under a homeowners insurance policy. The Court stated the analysis must proceed from the standpoint of the insured, *id*. at 282, as follows:

> What this essentially boils down to is that, if both the act and the consequences were intended by the insured, the act does not constitute an accident. On the other hand, if the act was intended by the insured, but the consequences were not, the act does constitute an accident, *unless the intended act created a direct risk of harm from which the consequences should reasonably have been expected by the insured*. [*Id*. at 282-283 (emphasis added).]

In *Masters*, the insured's intentional act was starting a fire and the insured's homeowners policy provided liability coverage for an "occurrence" defined as an "accident." *Masters*, 460 Mich at 107, 112. Applying the common meaning of "accident" from the standpoint of the insured, and prior case law, the Court opined that "an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Id*. at 114 (citations and quotation marks omitted). The Court opined that the results of an intentional act are not an accident where the results "either were intended by the insured or reasonably should have been expected because of the direct risk of harm intentionally created by the insured's actions." *Id*. at 115 (citation omitted). Thus, "when an insured's intentional actions create a direct risk of harm, there can be no liability coverage for *any* resulting damage or injury, despite the lack of an actual intent to damage or injure." *Id*. at 115 (citation omitted; emphasis in original).

The holdings of *Masters* and *McCarn* regarding when the unintended consequences of an intentional act are not an "accident" so not an "occurrence" are virtually identical. Unintended consequences of the insured's intentional act are not an "accident" when "the consequences should reasonably have been expected by the insured," *McCarn*, 466 Mich at 282, or "when an insured's intentional actions create a direct risk of harm," *Masters*, 460 Mich at 116. These concepts are remarkably similar to proximate cause, which plaintiff successfully asserted in the underlying lawsuit—the automobile crash was a natural and foreseeable result of knowingly furnishing alcohol to the minors. *Johnson*, 502 Mich at 768; *McMillian*, 422 Mich at 576; M Civ JI 15.01.

This Court applied these concepts in *Morton*, to determine whether a social host liability was covered under a homeowners policy where a minor consumed alcohol, lost consciousness,

-10-

and was raped. *Morton*, 254 Mich App at 419-420. Like the instant case, the plaintiff obtained consent judgment in which the insured admitted liability and agreed to damages in the amount of $600,000, on the condition that the plaintiff not attempt to recover the judgment against her personally. *Id*. at 420. The Court applied the *Master*s definition of "accident" in analyzing whether the unintended consequences of intentionally providing alcohol to a minor was a covered "occurrence" under the homeowners policy. *Id*. at 420. The Court opined: "[W]here a direct risk of harm is intentionally created, and property damage or personal injury results, there is no liability coverage even if the specific result was unintended." *Id*. at 422 (citation omitted). The Court held that there was no "accident" or "occurrence" because the insured "reasonably should have expected that giving minors enough alcohol to allow them to pass out would result in harm." *Morton*, 254 Mich App at 422. The fact that the harm that occurred was from another intentional act of rape, rather than a direct result of alcohol consumption, was irrelevant. *Id*. at 422-423.

In the present case, plaintiff's pleadings establish that the two possible minor operators of the Jaguar (Narra and Manolios) were impaired by alcohol that the Bobchicks knowingly furnished to them, and that as a direct and proximate result, plaintiff's damages occurred. Furthermore, plaintiff successfully asserted in the underlying litigation that the Bobchicks "knowingly provided or furnished alcohol" to Manolios, that doing so was a violation of MCL 436.1701 and MCL 750.141a, and that the Bobchicks' knowingly providing alcohol to Manolios "was a proximate cause" of the death of plaintiff's decedent and other damages. Plaintiff is bound by these allegations, *Paschke*, 445 Mich at 509-510, which show that plaintiff's damages were the direct and reasonably foreseeable consequences of knowingly furnishing alcohol to the minors. *Johnson*, 502 Mich at 768; M Civ JI 15.01.

Under the reasoning of *McCarn*, 466 Mich at 282-283, *Masters*, 460 Mich at 114-116, and *Morton*, 254 Mich App at 422-423, the direct and reasonably to be expected result of intentionally furnishing alcohol to minors, an alcohol-impaired automobile crash, was not an "accident" or "occurrence" under defendant's homeowners insurance policy. So, the trial court properly granted defendant summary disposition under MCR 2.116(C)(8) because plaintiff's pleadings regarding its claim of social host liability showed that defendant's insured knowingly furnished alcohol to minors directly creating the risk of alcohol-impaired operation of a motor vehicle that was a proximate cause of plaintiff's damages. Consequently, plaintiff's pleadings show that the automobile crash was the reasonably foreseeable direct result of the insured's intentional act of furnishing alcohol to minors, and therefore, not an "occurrence" or an "accident" under Michigan law. Defendant's motion was properly granted because plaintiff's claim of coverage under the homeowners policy is so clearly unenforceable that no factual development could possibly justify recovery. *El-Khalil*, 504 Mich at 160. For the same reason, allowing plaintiff to amend its pleadings would be futile and unjustified. MCR 2.116(I)(5); *Ormsby*, 471 Mich at 52-53.

## II. THE AUTOMOBILE EXCLUSION

Both parties continue to argue the applicability State Farm's homeowners policy exclusion for bodily injury arising out of the ownership, maintenance, or use of a "motor vehicle owned or operated by or rented or loaned to any insured." We agree with plaintiff that this issue is not properly preserved for appeal because the issue was not decided by the trial court. *Gen Motors Corp*, 290 Mich App at 386. Although this Court may overlook preservation requirements "if consideration is necessary for a proper determination of the case," *Smith v Foerster-Bolser Constr,*

*Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006), such is not the case here. Rather, having determined that the trial court properly ruled that there was no coverage under defendant's homeowners policy, it is unnecessary to consider possible exclusions. See *Masters*, 460 Mich at 108, n 3; *Harrington*, 455 Mich at 382.

For the reasons stated in section I, we affirm the trial court's grant of summary disposition to defendant. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Patrick M. Meter